Southard *v.* Hill.

---

EDWARD R. SOUTHARD *versus* JOHN B. HILL.

A plea in abatement of the writ, may be both of the writ and declaration, where it is intended to plead in abatement only of a *part* of the writ, and to *some of the counts* in the declaration.

If one tenant in common only be sued in trespass, trover, or case, for anything respecting the *land* held in common, he may plead the tenancy in common in abatement.

There is a distinction between personal actions of tort and such as concern *real* property, and a plea in abatement for the nonjoinder of tenants in common of a dam, without an averment that the dam was real estate, was overruled on demurrer.

ACTION OF TRESPASS.

The defendant pleaded in abatement the nonjoinder of

other persons, but did not aver that the dam concerning which the trespass was alleged was real estate.

The plaintiff demurred to the plea in abatement, and the defendant joined the demurrer.

The judge presiding at *Nisi Prius* sustained the demurrer, and the defendant excepted.

*E. Kent*, counsel for the defendant.

Where one alone is sued in tort upon a cause of action arising out of or concerning real property, held jointly or in common by himself and another, the nonjoinder of the other tenant is pleadable in abatement, although the action sounds in tort. Gould's Pleadings, 282, s. 119; 1 Chitty, 79; Story's Pleadings, 101. The plea in this case follows the form in Story, and contains every allegation usual in such pleas.

To say that the dam and log sluice are not real estate is to beg the question. Dams and sluices are built upon land. Whatsoever is erected upon land becomes attached to it, and is appurtenant to and parcel thereof. This is the general rule. The only exception is where the ownership of the land is in one, and that of the building or structure in another. If such a state of facts were relied upon by the plaintiff, he should allege and show it in a replication to the plea. He well knew that on such a replication the deeds would be forth coming, showing the title to both to be in the same persons.

The case of *Sumner* v. *Tileston* is not in point. In that case the defendants pleaded the general issue. It did not appear by the plea whether the defence rested on the ground of ownership of land, or on other grounds. So that the case did not present the question of a tort, charged and justified by reason of the ownership of real estate. It might well be, as the court remark, that the defence rested on a denial of the act charged to have been done. After plea pleaded and before the trial, one of the defendants died. His death was pleaded in abatement by the survivors. The court well held that the plea was not good, but it is fairly to be inferred

Southard *v.* Hill.

from the reasoning of the court, that if the defence had rested on a plea showing the joint ownership of the dam in question, the plea in abatement would have been sustained.

The doctrine in 14 Johns., 426, cannot be sound, *if it goes,* as it seems to do, to the extent, that if the plaintiff alleges what, in terms, amounts to the charge of erecting a nuisance, in a suit against one, he cannot plead that the act was done by himself and another as joint owners of real estate. It *is* true that such a plea will not justify what is really a nuisance, but the question whether the erection be or be not a nuisance, may often depend on the title to real estate. If the defendant so sued can justify the act done by reason of the ownership of the land, he should not be deprived of the aid of his co-tenant in the defence, merely because the act as set forth in the writ, and without explanation, might be held to be a nuisance. If the act be such that it may be justified by reason of the ownership of the land, the plea should be allowed. If it be such that no ownership of the land would justify it, then it is a nuisance, and the doctrine held by the court in this case, will apply. The report of the case is meagre. There may have been facts apparent to the court which do not appear in the report, which would justify the conclusion.

As to the second and third points made by the plaintiff, it is sufficient to observe, that the distinction between the writ and the declaration or counts, once so material in the English practice, never prevailed in this country, and has gone out of use in England. It is therefore not usual to conclude with a prayer of judgment of the writ and declaration or counts, but the conclusion is usual to pray judgment of the writ.

When the writ is general and contains the same counts as the declaration, the conclusion should be that the writ abate. 2 Sand. on Uses, Notes, 209, a.

"If the plaintiff himself acknowledge his writ to be false in the whole or in part, the *whole* writ shall abate." 2 Sand. on Uses, Notes, 210, d.

If the demand in the plea be too large, the court may change it. Though the party demand judgment of the whole writ, the court may abate it in part only. Ib., 210, d.

As to the fourth point: the certificate of the oath is sufficient. "Sworn to before me" is an allegation of the entire truth of the whole plea. No particularity could make it stronger. It differs entirely from the form and effect of the oath in 31 Maine R., 302, which was as to knowledge and belief only.

I. *Washburn*, counsel for the plaintiff.

1. The nonjoinder of defendants, in personal actions for a tort, is not generally pleadable in abatement, and is never pleadable except where the defendants were *tenants in common of real estate. Low* v. *Mumford*, 14 Johns. R., 426; *Sumner* v. *Tileston*, 4 Pick. R., 308; Gould's Pleadings, ch. 5, s. 119, p. 282, of edition of 1832; same, ch. 4, s. 76—for the reason of the rule.

Now, neither the writ or the plea show the dam or log sluice to have been real estate. In fact they were not. But whether so or otherwise, in fact, is immaterial, because it is not averred, nor does it appear that they were such. For all that appears they were personal property.

*Sumner* v. *Tileston* is almost precisely like this case. There, as here, the plea in abatement was that others were tenants in common in a *dam*—there, as here, the plea was demurred to, and the demurrer was sustained.

Great strictness is required in pleas in abatement. Every essential fact must be alleged. That "technical accuracy is required, which is not liable to the most subtle and scrupulous objection." *Burnham* v. *Howard*, 31 Maine R., 569; *Adams* v. *Hodsdon*, 33 Maine R., 225.

2. To the first count there is no objection taken by the plea. Therefore, if one count is good or not objected to, the writ cannot be abated.

3. Where the matter in abatement goes to the counts or

declaration, the plea should conclude with a prayer of judgment of the declaration or counts.

4. The verification or certificate of oath as follows: " sworn to before me," is insufficient. 31 Maine R., 302.

GOODENOW, J. This is an action of trespass. The defendant pleads in abatement, the nonjoinder of certain other persons, named in his plea, as to the second, third and fourth counts of the writ, and takes no notice of the first count; and, in conclusion, prays judgment of said writ, and that it may be quashed, and for his costs. To this plea there is a demurrer and joinder.

It is undoubtedly true, that there is a settled distinction between mere personal actions of tort, and such as concern *real* property; and that, if one tenant in common only be sued in trespass, trover or case, for anything respecting the *land* held in common, he may plead the tenancy in common in abatement. It is also true, that as pleas in abatement delay the trial of the merits of the action, the greatest accuracy and precision are required in framing them.

A dam is not necessarily *real estate*. If built by one person, on the land of another, with his consent, it would be personal estate. The plea in this case does not aver that the dam was real estate. It is not therefore certain to every intent. The defendant is not at liberty in pleading to leave the question in doubt, whether the dam was or was not real estate; with an expectation that the plaintiff might open the way to remove that doubt, by a *replication* instead of a *demurrer* to the plea. And even if it could be reasonably inferred from what is before us, that the dam spoken of in the plea is real estate, we are not informed whether the trespass complained of by the plaintiff arose from acts of malfeasance, or from mere omission to perform a duty, or nonfeasance. We think there is good reason for the distinction in this respect, adverted to in *Low* v. *Mumford*, 14 Johns. R., 426. One reason why the plaintiff in an action *ex delictu*, should

not be required to include all the tort-feasors, is, that he may not know them, or be able to find proof against them. But where the *gist* of the action is that the defendants are proprietors of the land, and have neglected a duty incident to their title, it is otherwise. We are not assured by what has been legally presented to us by the pleadings in this case, that the title to the land on which the dam is erected, does come directly in question.

Mr. Chitty says, vol. 1, p. 451, that many of the decisions in the books as to the form of the plea, are no longer applicable, and now in general a plea *in abatement of the writ* may be both of the writ and declaration, and it must be so where it is intended to plead in abatement only of a *part* of the writ, and the cause of abatement arises only on *some of the counts* in the declaration. The insurmountable objection is, therefore, not so much to the form as to the substance of the plea. The plea in abatement is overruled.

*Judgment, that the defendant answer over.*