## JEREMIAH HOWE *versus* ELISHA W. SHAW.

It is not essential to the maintenance of replevin, that the property replevied be, at the time of the issuing or service of the writ, in the actual possession and under the immediate and exclusive care and control of the defendant personally.

*It seems,* it may be maintained against either member of a co-partnership when the property replevied is in the possession of any one of them, while claiming to act for, and really acting with the concurrence of all.

ON EXCEPTIONS.

REPLEVIN for a pair of oxen " taken and detained by Elisha W. Shaw, at Newport, in the county of Penobscot." To maintain the issue of *non cepit,* the plaintiff proved that the defendant and one Peleg H. Tracy, about the first of February, 1867, took the oxen from the possession of one Randall McCrillis, at Palmyra, in the county of Somerset, and drove them towards Newport, in the county of Penobscot; that, a few days afterwards, the plaintiff found the oxen in Tracy's barn, at Newport, and the officer serving the writ in this action replevied the oxen, took them from Tracy's barn and delivered them to the plaintiff.

The defendant testified in chief, that Tracy and himself separated before reaching the line of Penobscot county; that he never had the oxen in his possession, custody or control in Newport, or in any part of Penobscot county; that he was not present when the oxen were replevied, and knew nothing of it until afterwards; and that Tracy had the sole custody, possession and control of the oxen while in Newport, and he had nothing to do with them.

'On cross-examination, he testified, that all he did in relation to the taking of the oxen from McCrillis' place in Somerset county, was as a member of the partnership of Shaw, Tracy & Co.; which consisted of himself, Tracy and others; that the oxen were owned by said firm; that he and Tracy went to McCrillis' to take the oxen to Newport; that they drove them to Wyman's, in Somerset county, near the line of Newport, when he got out and Tracy drove them in. This was all the evidence introduced on either side under the issue of *non cepit*.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the refusal of the presiding Judge to give a certain requested instruction and to a certain instruction given, both of which appear in the opinion.

*D. D. Stewart*, for the defendant.

The writ was served by taking the oxen from Tracy, in Penobscot county, the defendant not being present and knowing nothing of it, and never having had custody, possession or control of them in the county of Penobscot. The action of replevin is local, and must be brought in the county where the wrongful detention by the defendant takes place. *Robinson* v. *Mead*, 7 Mass., 353; *Brown* v. *Webber*, 6 Cush., 566; *Hathorn* v. *Haines*, 1 Greenl., 238; *Webb* v. *Goddard*, 46 Maine, 508.

The instruction given authorized the jury to find a verdict for the plaintiff, although they might be satisfied that the defendant never had any custody, possession or control of the oxen in Penobscot county.

The fact whether the defendant did have such custody, possession or control, was a question of fact which was taken from the jury by the instruction.

The instruction was erroneous, because replevin cannot be maintained against one who commands the taking of another's property. *Ramsdell* v. *Buswell*, 54 Maine, 546; *Richardson* v. *Reed*, 4 Gray, 441.

*G. W. Walker*, for the plaintiff.

APPLETON, C. J.—This is an action of replevin for a yoke of oxen. The defendant pleaded *non cepit*, and filed a brief statement setting forth the title of the oxen to be in the firm of Shaw, Tracy & Co., of which firm he and Peleg H. Tracy were members.

The oxen were replevied from the barn of said Tracy, in Newport. The defendant testified that all he did, in relation to the taking of the oxen from McCrillis' place in Somerset county, was as a member of the partnership of Shaw, Tracy & Co.,—that the oxen were owned by said firm,—that he and Tracy went out to McCrillis' to take the oxen to Newport,—that they drove them to Palmyra village,—thence to Wyman's in Somerset county, near the line of Newport,—and that he then got out and Tracy drove them in.

In tort, as a general rule, the action may be brought against one or all of the tort feasors. Replevin is an action of tort,—but it must be brought against the person or persons having the possession of the property replevied. The possession of the servant is the possession of the master. The action may therefore be maintained against the owner when in the possession of the servant. *Ramsdell* v. *Buswell*, 54 Maine, 546. A mere servant, or depositary has not such property as will support this action, his possession being that of the master or bailor. 2 Greenl. Ev., § 561. "Partners, like individuals, are responsible for the negligence of their servants, upon the maxim of *qui facit per alium facit per se;* and, if one of the partners acts, he is considered, in this instance, as the servant of the rest. In these cases the tort is looked upon as the joint and several tort of all the partners; so that they may either be proceeded against in a body, or one may be sued alone for the whole of the damage done." Collyer on Partnership, § 457. As the possession of one partner is, *prima facie,* the possession of the firm, it would seem that the action of replevin might be maintained against one or all the mem-

bers, when the article replevied is in the possession of one claiming to act for and with the concurrence of all.

In the present case, however, the defendant's counsel requested the Court to instruct the jury that upon the issue of *non cepit*, " the plaintiff must satisfy them that the defendant, at the time of the sueing out, or service of the writ, had the oxen in his possession in the county of Penobscot, and that the burden was on the plaintiff to satisfy them of that fact." This intruction was not given. The general proposition, that the action of replevin should be brought against the person having possession of the property to be replevied, is unquestionably sound law. The action, however, may be maintained against the master for property in the possession of his servant, holding for him, or against one of many joint claimants under a title common to all, and when the possession of one is for all and is to be deemed the possession of all.

Now, if, by the instruction requested, the counsel is to be understood as claiming that the oxen must, at the time referred to, have been in the actual possession of the defendant and under his immediate and exclusive care and control, the instruction should not have been given, for the possession of the servant is that of the master, or that of one partner that of the firm.

But, if the counsel meant that kind of possession or control which may be exercised through an agent or partner, then the instruction given was correct, and all that he could properly ask for in the case. It was applicable to the facts as existing. The pleadings set forth a title in the firm of Shaw, Tracy & Co., of which the defendant was a member. As such member he had taken possession of the oxen. The Court instructed the jury " that, if they were satisfied from the evidence that the defendant and Tracy took the oxen from McCrillis' place, in the county of Somerset, they being joint owners, for the purpose of driving them to Newport, in the county of Penobscot, and that said Tracy actually drove them to said Newport, in pursuance of said purpose,

that his possession in the county of Penobscot would be a possession of said Shaw, and the issue would be well maintained on the part of the plaintiff." The facts assumed in the above instruction were found by the jury. The defendant alleges in his plea the property to be in himself and others as members of a firm. He was acting for the firm. He asks that it be restored to him as a member of the firm. He would have been liable in trover for the conversion or the trespass in taking. The taking was commenced by him and Tracy, and the possession retained by Tracy for their common benefit. He was not aggrieved by the instructions withheld, under the circumstances of the case.

*Exceptions overruled.*

CUTTING, KENT, WALTON and DANFORTH, JJ., concurred.

BARROWS, J., expressed his views in the following opinion : — I concur in overruling the exceptions. The defendant claimed that the cattle belonged to the firm of Shaw, Tracy & Co., of which firm he was a member, and, by his pleadings filed in this case, he justified the taking, claimed judgment for his damages and costs, and for a return of the property to his firm. His justification of the act failing, it seems unreasonable that he should now be permitted to avoid the payment of damages and costs by denying the act which, by his pleadings, he had previously admitted and justified.

If these exceptions were sustained, could he again contest the plaintiff's title, or only the taking? The question of title seems to have been settled against him under instructions of which he makes no complaint.

In his testimony, as well as by his pleadings, the defendant admits that he, in company with one of his partners, (Tracy,) went out and took these cattle from the possession of the plaintiff, in Somerset county, with the intention of bringing them to Newport, in this county ; that they drove them together to Wyman's (near the Newport line, but in Somerset county,) and then this defendant got out and Tracy

drove them in, and this defendant had personally nothing more to do with them, his partner, (Tracy,) who went with him, putting them in his barn.    But the defendant does not even pretend that the driving them in by Tracy, and the detention of them in Tracy's barn, in this county, were not in pursuance of his own original intention in going with Tracy to get them, or, that he, at any time, changed that intention or ceased to assert the title of Shaw, Tracy & Co. to the cattle, and their right to the possession of them in Penobscot county, as against the plaintiff.   Under these circumstances, with such admissions from the defendant, both in pleading and evidence, in the case, I do not see how he could be harmed by the refusal of the presiding Judge to state an abstract rule of law, which, if correct, had no pertinency to the case presented by these pleadings and this evidence.   When a defendant in replevin justifies the taking and claims a return of the property, I do not think he should be permitted in the same breath to deny the taking as alleged, or to assert that that was not in his possession which he claims should be returned to it.

It seems to me that such pleadings by the defendant relieve the plaintiff from the necessity of proving the taking, and that, thenceforward, the true and only issue is one of title and right of possession.   For these reasons I think the exceptions should be overruled.