NELS TANDRUP, Appellee, *vs.* MARSHALL E. SAMPSELL, Receiver, Appellant.

*Opinion filed June 18, 1908.*

1. PARTIES—*misjoinder of defendants in an action ex delicto is no defense.* With certain exceptions, misjoinder or non-joinder of parties defendant in an action *ex delicto* cannot be taken advantage of by a plea in abatement nor can the objection be otherwise successfully interposed, as the injured party has a right to sue one or any or all of the joint wrongdoers and recover against as many as the proof shows are liable.

2. SAME—*rule precluding joining the administrator of deceased joint obligor or wrongdoer does not apply to receiver.* The rule which prohibits joining the administrator of a joint obligor with the survivors in an action *ex contractu* applies to actions *ex delicto* against the administrator of a deceased joint tort feasor and the survivors, as the liability of the administrator in each case is sev-

eral, only; but the rule has no application to a receiver of a joint tort feasor.

3. SAME—*lessor street railway and receiver of lessee may be joined.* The lessor street railway company and lessee's receiver, who was in control of and operating the railway at the time of an injury, may be joined in one action notwithstanding the law provides a different method of satisfying the judgment as between such defendants; and the plaintiff may compel one defendant to pay the whole judgment, either by obtaining an execution against the lessor or an order against the receiver in the receivership proceeding.

4. MERGER—*judgment against joint wrongdoers does not merge the several liability of defendants.* The recovery of a judgment, in an action of tort, jointly against several wrongdoers does not merge the several liability of each wrongdoer in the judgment, and the plaintiff's claim may still be regarded as a joint and several one.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. FROST, Judge, presiding.

JOHN A. ROSE, and FRANK L. KRIETE, (W. W. GURLEY, of counsel,) for appellant:

A living defendant and the executor or administrator of a deceased defendant cannot be sued jointly in the same action, for the reason that there cannot be a joint judgment against them, enforcible as to one by execution and as to the other in due course of administration. I Chitty's Pl. 50; *Cummings* v. *People,* 50 Ill. 132; *Supreme Lodge* v. *Portingall,* 167 id. 291; *Stevens* v. *Catlin,* 152 id. 56; *Eggleston* v. *Buck,* 31 id. 254.

And this is true both in contract and tort. *Union Bank* v. *Mott,* 27 N. Y. 633.

If a living person and an administrator cannot be sued jointly because the same judgment cannot be rendered against both, it follows that a corporation and a receiver can not be sued jointly because the same judgment cannot be entered against both. A joint judgment cannot be entered

for different amounts in the same action against different defendants. *Gould* v. *Sternburg,* 69 Ill. 531.

A judgment in tort is a unit, and if erroneous as to one must be reversed as to all. *Railroad Co.* v. *Martin,* 154 Ill. 523; *Jansen* v. *Varnum,* 89 id. 100; *Eckels* v. *Farley,* 131 Ill. App. 557.

This condition of affairs appears upon the face of the declaration, upon the face of the judgment and upon the face of the record throughout. It therefore was not necessary to file a plea of misjoinder. But the defect is fatal on motion in arrest of judgment and on error. 1 Chitty's Pl. (11th Am. ed.) 44, 46, 86; *Gardner* v. *People,* 3 Scam. 83; *Sinsheimer* v. *Skinner Manf. Co.* 165 Ill. 116; *Cummings* v. *People,* 50 id. 132; *Eggleston* v. *Buck,* 31 id. 254; *Coal Co.* v. *Long,* 91 id. 617.

Because of this misjoinder and erroneous judgment the judgment must be reversed and the cause remanded generally. It is improper practice to reverse with leave to plaintiff to dismiss as to one and to enter judgment upon the verdict as to other defendants. *Supreme Lodge* v. *Goldberger,* 175 Ill. 19; *Smith* v. *Byrd,* 2 Gilm. 412; *Brockman* v. *McDonald,* 16 Ill. 111; *Swift* v. *Green,* 20 id. 173; *Williams* v. *Chalfant,* 82 id. 218.; *Seymour* v. *Fueling Co.* 205 id. 77.

CHARLES B. ELDER, and FOLLANSBEE, McCONNELL & FOLLANSBEE, for appellee:

Both of the defendants in the trial court were tort feasors and were jointly liable. This being the case, the reason for the rule forbidding a joint action against a tort feasor and the executor of a deceased joint tort feasor does not obtain. Moreover, the common law rule that misjoinder can be taken advantage of on motion in arrest of judgment or on error does not apply in this State. Rev. Stat. chap. 110, sec. 23; chap. 7, sec. 6; *Railroad Co.* v. *Murphy,* 178 Ill. 462.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Nels Tandrup brought an action on the case against the receivers of the Chicago Union Traction Company and the North Chicago Electric Railway Company for personal injuries. He recovered a judgment for $5000 against both of the defendants, which has been affirmed by the Branch Appellate Court for the First District.

The North Chicago Electric Railway Company owned the street railway upon which the plaintiff below received his injury, and the receivers of the Chicago Union Traction Company were in the possession, control and operation of the same. The facts are not in controversy. Appellant concedes that the evidence fairly tends to support the verdict. After overruling a motion for a new trial and in arrest of judgment the trial court entered judgment against defendants, which provided, as to the receivers, it should be paid in due course of administration, and execution was awarded against the North Chicago Electric Railway Company.

Appellant's principal contention is that there is a misjoinder of parties defendant apparent upon the face of the declaration; that the receivers of the operating company are not suable in the same action with the lessor company, for the reason that a judgment at law must be a unit and the same judgment must be rendered against all defendants. Appellee replies that the rule relied on by appellant is not applicable to actions *ex delicto,* and that if it were, appellant has waived the right to insist upon such matter of abatement by having failed to demur to the declaration, plead in abatement or raise the question specifically in the motions for new trial and in arrest of judgment.

The general rule is that the non-joinder or misjoinder of parties defendant in an action *ex delicto* is not available as matter of abatement nor can advantage be taken of it in any way. (Gould's Pl.—5th ed.—sec. 117.) If persons who are not liable are joined as defendants in an action of

234—34

tort with those who are liable, the only effect is to increase the cost against the plaintiff. (Dicey on Parties to Actions, p. 530.) And if the plaintiff elects to sue a part, only, of the joint wrongdoers, those who are sued have no means of compelling plaintiff to bring in all of the joint tort feasors. The general rule upon this subject is that the injured party may sue one, or any, or all of several joint wrongdoers and recover against as many as the proof shows are liable. (*Baker* v. *Michigan Southern and Northern Indiana Railroad Co.* 42 Ill. 73; *Illinois Central Railroad Co.* v. *Foulks,* 191 id. 57.) Every person who joins in committing a tort is severally liable for it, and cannot escape liability by showing that another person is liable also; nor can one of a number of tort feasors compel the plaintiff to sue him jointly with other persons with whom he has joined in committing the tort. (Dicey on Parties, p. 448.) There is an exception to this rule where the liability of the defendant for the tort complained of grows out of ownership of real estate held jointly or in common by himself and another. In such case the misjoinder of the other tenants is pleadable in abatement although the action sounds in tort. (Gould's Pl. sec. 76.) Another exception is recognized by the common law where the nature of the wrong is such that it cannot be committed by more than one person, such as slander, and probably seduction. Since only one person can participate in the utterance of verbal slander, if two or more are charged with such offense the misjoinder may be available by demurrer to the declaration. Subject to these exceptions the general rule may be stated to be, that a plea in abatement for non-joinder or misjoinder of parties defendant in an action of tort is never proper, nor can the objection be otherwise successfully interposed.

Appellant has cited a number of cases where it has been held erroneous to join the administrator of one joint obligor with the survivors, and it has been held in actions *ex contractu* to be a misjoinder. These cases are not in point.

Thus, the case of *Eggleston* v. *Buck,* 31 Ill. 254, was an action of debt on an appeal bond brought by the plaintiff against the administratrix of a deceased obligor and the surviving obligor. The judgment was reversed by this court for the reason that the court entered a judgment for the penalty of the bond, $1200, and the sum of $827.36 damages, and awarded execution therefor against the ad-ministrator and the surviving obligor. There were two errors pointed out in the judgment: First, the judgment should have been for $1200, the penalty of the bond, to be discharged on the payment of the damages found by the jury; second, the judgment should not have awarded execution against the administrator. The opinion then proceeds to the question of misjoinder of parties, and the holding is, that it was improper·to join the surviving obligor and the administrator of the deceased obligor in the same action.

The case of *Stevens* v. *Catlin,* 152 Ill. 56, was an action of assumpsit on a promissory note against three surviving makers without joining the administrator of a fourth maker who was dead, and it was held that the suit was properly brought as a joint action against the surviving obligors. The reason upon which this rule rests is that the joint liability of all the makers of the note survives against the remaining makers. The liability of several joint obligors under section 3 of chapter 76 of the Revised Statutes of 1905 is both joint and several. Thus the liability of obligors and covenantors, under the law, has a double aspect,— that is, a joint liability and a several liability. The promisee may elect to sue one, only, of the several obligors. In such case the suit is brought to enforce the several liability, and the whole proceeding is governed by the same procedure as though the contract was the several contract of the person sued, or the promisee may sue all of the joint makers upon their joint liability; but it has often been decided that an intermediate·number more than one and less than all can

not be sued, for the reason that the promisee must either elect to treat the contract as the several contract of each or the joint contract of all. In case one joint obligor dies, the joint obligation survives against the remaining obligors. The several obligation only survives against the personal representative. In other words, the death of a joint obligor dissolves the joint liability at law which continues against the survivors, (1 Chitty's Pl. 50,) but the estate of the deceased obligor is liable upon the several liability. This rule has no effect upon the right of contribution among joint obligors. In this respect there is no difference between cases involving joint wrongdoers and persons who have broken both a joint and a several contract. The common liability on the joint contract passes on the death of one contractor to the surviving contractors. The separate liability of each on his separate contract passes on the death of each to his representatives. The rule that prohibits joining the administrator of a joint obligor with the survivors is equally applicable to actions against the surviving joint tort feasors and the administrator of a deceased wrongdoer. (Dicey on Parties to Actions, rule 100, p. 457.) In this regard both classes of cases are subject to the same rule. But there is a distinction to be kept in mind between a receiver of a going concern and an administrator of a deceased person. Receivers who in the discharge of their duties become liable, jointly and severally, with others, either in contract or tort, assume the liability of original parties in both aspects, whereas an administrator of a deceased person who is called upon to answer for the debt, default or wrong of his intestate has only a several liability resting upon him.

All of the cases cited by appellant are cases where the administrator of a deceased obligor was sought to be held jointly with the surviving obligors, or cases where the administrator of such deceased obligor was omitted and the objection was that he should have been brought in to the joint action. These cases are not applicable to the question

involved in this case. The receivers of the Chicago Union Traction Company, when sued for a wrongful act committed by them and other persons jointly, have both the joint and several liabilities resting upon them, and the person who has been injured by the wrongful act of the receivers jointly with other wrongdoers cannot be deprived of his right to treat all wrongdoers who have injured him as jointly liable and of joining them in one suit by the circumstance that the law provides a different mode of obtaining satisfaction of the judgment against different tort feasors. Joining the receivers with other wrongdoers who are jointly and severally liable, in one action, deprives neither defendant of any right, privilege or defense that he would have if sued alone, whereas if the plaintiffs in such cases were compelled to bring a separate action against each defendant, the labor, expense and delay incident to a multiplicity of suits would often be so great as to practically amount to a denial of justice. Where, as in the case at bar, other persons are jointly liable with the receiver for an injury, we see no substantial reason why they may not be treated as joint tort feasors and sued together. The recovery of a judgment in an action of tort jointly against several does not merge the several liability of each wrongdoer in the joint judgment. The plaintiff's claim may still be regarded and treated as a joint and several claim. The plaintiff may, after judgment, take out an execution and compel one defendant to pay the whole judgment, and such defendant will have no right to insist that the plaintiff proceed against the other defendants for a *pro rata* share of the judgment. The plaintiff, in such case, may pursue any or all of the judgment debtors by any and all processes recognized by the law until he obtains satisfaction. Nothing short of a satisfaction of the demand, or a release, under seal, of one joint tort feasor, is available as a defense by other wrongdoers who are jointly liable. In the case at bar appellee may proceed by execution against the North Chicago Elec-

tric Railway Company and collect his entire judgment from it, or if he so elect he may apply to the court appointing the receivers for an order on the receivers to pay his judgment, and in neither case will the party proceeded against have any just cause or legal right to complain. In this respect the rights and liabilities of the parties defendant are in all respects precisely what they would be if the judgment were a several and separate judgment against each. There was no error in bringing this suit against defendants jointly. In *Peirce* v. *Walters,* 164 Ill. 560, this court sustained a judgment brought jointly against the receiver of the railroad company and the engineer for an injury caused by the negligence of the engineer. In that case the objection was made, as it is here, that there was a misjoinder of parties defendant. This court held that the parties could not raise the question after having pleaded the general issue to the declaration.

We might well rest our judgment in this case upon the ground that defendants waived the question of misjoinder by a failure to point out this objection on demurrer to the declaration or by failing otherwise to raise the question in the court below, but we prefer to rest our judgment on the ground already stated that there was no misjoinder of parties in this case and hence no question of waiver is involved.

Appellant insists that the court erred in admitting the testimony of physicians which it is claimed was based on subjective symptoms. We have carefully examined the question thus raised, and find that the ruling of the court below is within the rule established by the decisions of this court.

Finding no error in the record the judgment of the Branch Appellate Court for the First District is affirmed.

*Judgment affirmed.*