## SPROLES v. SCHEPPS et ux.
### No. 7472.

Court of Civil Appeals of Texas. Austin. March 12, 1930.

Rehearing Denied April 9, 1930.

Swartzberg & Rawlings, of Fort Worth, and Burgess, Burgess, Chrestman & Brundidge and L. E. Elliott, all of Dallas, for appellant.

Turner, Rodgers & Winn, of Dallas, for appellees.

McCLENDON, C. J.

Suit by Schepps and wife against Ed Sproles, the owner of a motorbus line between Dallas and Fort Worth, and T. H. Botsford, a

bus driver employe of Sproles, for personal injuries to Schepps and wife caused by a collision between an automobile driven by Schepps and a motorbus which Botsford had left parked on the public highway in Dallas county after nightfall and without lights. Sproles resided in Tarrant and Botsford in Dallas county, and the former sought to remove the suit as to himself to Tarrant county. The appeal is by Sproles from an interlocutory order denying change of venue.

Appellees seek to hold venue in Dallas county as to Sproles on two grounds:

■ 1. That the alleged cause of action comes within subdivision 9 of article 1995, R. S. of 1925; which we overrule on the authority of Brown v. Calhoun (Tex. Civ. App.) 22 S.W.(2d) 757.

■ 2. That the defendants were joint tortfeasors and jointly liable, and therefore suit was properly maintainable as to both defendants in the resident county of one of them under subdivision 4 of said article.

Upon this issue appellant contends that subdivision 29a of said article, inserted by the First Called Session of the 40th Legislature (1927) c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a), repeals or modifies subdivision 4 and authorizes a change of venue where the nonresident defendant is not a necessary party to the action. This was the holding in Citizens' Nat. Bank v. Del Rio Bank & Trust Co. (Tex. Civ. App.) 11 S.W.(2d) 242 (by the San Antonio Court, Chief Justice Fly writing), and in McCarroll v. Edwards (Tex. Civ. App.) 22 S.W.(2d) 684, 686 (by the Texarkana Court, Chief Justice Willson writing). Inferentially also, though not expressly, this appears to be the holding in McCarty v. Ash (Tex. Civ. App.) 18 S.W.(2d) 765, 767 (by the Beaumont Court, Associate Justice O'Quinn writing).

Assuming this to be the correct interpretation of subdivision 29a, at least in so far as concerns repeal or modification of the first sentence of subdivision 4, the question arises whether the expression *"necessary* parties" is used in its technical sense as necessary to the maintenance of the suit, or in a more general sense as applied to venue and joinder of causes of action as necessary to prevent a multiplicity of actions. If the former, then clearly appellant would be entitled to a severance and transfer of the suit as to him to the county of his residence.

In the McCarroll Case the former definition was applied, citing Wilson v. Improvement District (Tex. Civ. App.) 256 S. W. 346; 47 C. J. 16; 1 C. J. 1120; and 20 R. C. L. 17. However, this particular holding was not necessary to the decision, since the parties there sought to be joined were not jointly liable for the same act of negligence and were not strictly speaking joint tort-feasors. The suit there was against one operating an automobile and another operating a bus, for damages for alleged concurrent negligence of the two drivers resulting in, a collision. The gist of the holding is embodied in the following quotation: "Said appellees Edwards' liability if any, to appellant, was dependent entirely upon their own conduct, for which they could be sued alone, and not at all upon conduct of the other appellees, and they (the Edwardses) would not be in any way affected by a judgment establishing the liability or nonliability of said other appellees to appellant. 45 C. J. 895; 47 C. J. 81, 86; Tandrup v. Sampsell, 234 Ill. 526, 85 N. E. 331, 17 L. R. A. (N. S.) 852."

A similar situation was presented in the McCarty Case. There the McCarty Company was joined in a suit against the Morrises for an injury caused by the negligent operation of a truck driven by an employe of the Morrises, it being alleged that the truck had been delivered by the McCarty Company to the Morrises with a defective brake which contributed to the injury. In holding that the McCarty Company was not a necessary party under subdivision 29a, the court say that the cause of action sued upon "does not arise from a breach of duty jointly owed to plaintiffs by" the McCarty Company and the Morrises, "nor from any concert of action between said defendants; it affirmatively appearing from the allegations in said petition that there is no joint liability of said defendants to plaintiffs, for in that the liability of said defendants to plaintiffs is separable and single and distinct and independent each from the other. The acts of negligence charged by plaintiffs, if established, would not make the defendants joint tort-feasors, because the petition does not allege a joint duty owed to plaintiffs by the defendants, nor any concert of action on their part resulting in the injury."

The Citizens' Nat. Bank Case was a suit against a Waco bank (upon certified checks) and indorsers, the latter residing in the county where the suit was brought. It is clear from the opinion that the San Antonio court took the view that under subdivision 29a a nonresident defendant could be sued in the county of a resident defendant where the cause of action was one of joint liability.

While the question submitted is not altogether free from doubt, we have reached the conclusion that this is the proper construction of subdivision 29a. It has been the uniform policy in this state to permit the joinder of parties and causes of action where a multiplicity of suits would be avoided and no hardship would result to any of the parties. If "necessary parties" be given the meaning of necessary to maintenance of the suit, the effect would be to require separate suits in the residence of each defendant where the cause of action asserted, although single and otherwise not separable, was joint and sever-

924

al. In the case of joint tort-feasor the result of such construction might be to require a plaintiff to file a number of suits in different counties upon the same cause of action requiring the same proof and involving the same issues of law. We do not think that it was the intention of the Legislature in enacting this statute to bring about a result so at variance with the uniform policy of this state. This is in effect our holding in Empire Gas & Fuel Co. v. State (Tex. Civ. App.) 21 S.W.(2d) 376.

While in other jurisdictions the authorities are not uniform in holding that the master and servant may be jointly sued where the liability of the former is solely upon the doctrine of respondeat superior, we regard the question settled in this state in Carmichael Co. v. Miller (Tex. Civ. App.) 178 S. W. 976, in favor of a joint liability as joint tort-feasors. See also, in this connection, Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 216, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; 39 C. J. 1314, § 1515, and authorities there cited.

The trial court's judgment is affirmed.

Affirmed.

On Motions for Rehearing and to Certify.

The point is made in the motion for rehearing that the construction we gave to the word "necessary" in subdivision 29a of article 1995, added by Acts 40th Leg. 1st Called Sess. (1927) c. 72, § 2, as necessary in order to prevent a multiplicity of suits, would authorize the joinder in the resident county of one of the defendants of all proper parties to the suit; that under this construction the section worked no change in the law as it then existed; and that we have therefore virtually construed the section away.

We do not so construe our holding. However, in order to be clear in the matter we limit our holding to the particular case before us, which is one of joint liability for a single cause of action. As stated in the original opinion, we do not believe the Legislature intended to require a plaintiff having a single joint and several cause of action against several defendants residing in different counties to bring separate suits in the county of the residence of each defendant. Our attention is called to Fox v. Cone (Tex. Com. App.) 13 S.W.(2d) 65, in this connection. We have carefully examined the opinion in that case and can see no conflict in our holding and the holding there. Nor do we find any conflict between our holding and that of any other Texas case, which our investigation has disclosed.

■ The point is also made that the liability of the master and the servant for a tort of the latter is not strictly speaking a joint tort. The opinion in the Carmichael Case, cited in our original opinion, held to the contrary in a case involving separability where the master sought to remove to the federal court. The situation there was very analogous to that here, and upon the authority of that case we hold the master and servant to be joint tort-feasors for the purpose of determining the question of joint liability.

Both motions denied.

Motions overruled.