R. E. Mitchell and Carl Schultz, Trading as Mitchell and Schultz, Appellees, v. George Fox and Charles M. Thomson, as Trustee of the Chicago and Eastern Illinois Railway Company, Appellants.

Gen. No. 8,815.

Opinion filed June 15, 1934.

GRAHAM & DYSERT and ACTON, ACTON & BALDWIN, for appellants; K. L. RICHMOND and W. M. ACTON, of counsel.

LEWMAN & CARTER, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

On May 4, 1933, R. E. Mitchell and Carl Schultz, doing business as Mitchell & Schultz (appellees), brought an action of trover against George Fox (appellant) in the circuit court of Vermilion county. On September 6, 1933, leave was granted plaintiffs to add additional parties defendant, and Charles M. Thomson, receiver of the Chicago & Eastern Illinois Railway Company, was added as a party defendant. Thomson filed a plea in abatement, setting forth that he was named and called Charles M. Thomson, trustee of the Chicago & Eastern Illinois Railway Company, a corporation, under and by virtue of an order of the District Court of the United States for the Northern District of Illinois, Eastern Division, in the matter of the Chicago & Eastern Illinois Railway Company, debtor, as provided under sec. 77, chap. 8 of the Act of Congress relating to bankruptcy; and that he was not named or called receiver.

An amended declaration in trover, consisting of one count in common law form and claiming damages in the sum of $5,000, was filed by plaintiffs, to which declaration each of the defendants filed a plea of the general issue. Upon a trial of said cause the jury rendered a verdict finding the defendants guilty and assessing plaintiffs' damages at $1,750. Judgment was entered upon this verdict and the defendant, Thomson as trustee, was ordered to pay said judgment in due course of administration of trust assets. From this judgment the defendants prayed a joint and several appeal to this court.

The evidence discloses that the Chicago & Eastern Illinois Ry. Co. leased to Mitchell & Schultz a tract of land at Brewer Station, in Vermilion county, and being a part of its right of way, for a bulk oil plant for a period of five years from October 1, 1929, at a rental of $26 per annum. Under the terms of this written lease either party could terminate the same upon 30 days' notice in writing, and at the expiration of the lease all rights of lessees to the premises ceased and the lessees were required to remove from said premises, before the expiration of said 30 days, all buildings and property on said premises, and if not so removed the lessees conveyed the same absolutely to the lessor.

When plaintiffs took possession under the lease they erected thereon three storage tanks, a warehouse, pump house and other structures. They ceased to carry on their business on July 15, 1932, and defaulted in the payment of rent due. The defendant railway company introduced evidence of the service of a written notice upon the plaintiff, Mitchell, to the effect that the railway company had elected to terminate the lease and notified plaintiffs to quit and deliver up possession of said premises in 30 days. Mitchell denied that any such notice was served upon him.

On March 31, 1933, the railway company sold the plant to the defendant, Fox, who removed the same from the premises. Shortly thereafter the railway company filed its petition in the United States District Court, under sec. 77, chap. 8 of the Act of Congress relating to bankruptcy, and the defendant, Thomson, was later appointed trustee in bankruptcy. The alleged conversion of the property took place before the petition in bankruptcy was filed and before Thomson was appointed trustee.

The defendants contend that there is a misjoinder of parties and that there can be no joint liability between the defendant, Thomson, as trustee, and the de-

fendant Fox. Plaintiffs assert that the defendants are estopped from claiming the defense of misjoinder because they did not plead the same in abatement.

The general rule is that the nonjoinder or misjoinder of parties in an action *ex delicto* is not available as matter of abatement, nor can advantage be taken of it in any way. The injured party may sue one or more or all of the several joint wrongdoers and recover against as many as the proof shows are liable. *Tandrup v. Sampsell*, 234 Ill. 526. The right of a plaintiff to maintain trover is put in issue by a plea of not guilty and this plea will admit of almost any defense, unless the same happened after the cause of action accrued. In the case of *Tandrup v. Sampsell, supra,* an action on the case was brought against the North Chicago Electric Railway Co. and the receivers of the Chicago Union Traction Co. for personal injuries. The facts showed that the injuries were received through the negligence of the receivers and the other defendants. The court held: "The rule that prohibits joining the administrator of the joint obligor with the survivors is equally applicable to actions against the surviving joint tort feasors and the administrator of a deceased wrongdoer. (Dicey on Parties to Actions, rule 100, p. 457.) In this regard both classes of cases are subject to the same rule. But there is a distinction to be kept in mind between a receiver of a going concern and an administrator of a deceased person. Receivers who in the discharge of their duties become liable, jointly and severally, with others, either in contract or tort, assume the liability of original parties in both aspects, whereas an administrator of a deceased person who is called upon to answer for the debt, default or wrong of his intestate has only a several liability resting upon him."

In the case under consideration the alleged conversion took place before the petition in bankruptcy was filed and before the trustee was appointed. The tort,

if any, was committed by the railway company and not by the trustee in the operation of the road; consequently there can be no joint liability of the trustee with the defendant Fox. The same rule which applies to receivers must apply to trustees in bankruptcy, as the United States District Court has sole jurisdiction of the administration of the estate of the bankrupt and of all claims provable in the bankruptcy court. Plaintiffs cannot recover against Thomson, trustee, and Fox jointly as there is no joint liability.

In 23 R. C. L., sec. 93, at page 85, it is said:

"By the weight of authority a receiver is not liable for a tort committed by the corporation prior to his appointment, and hence is not a proper party in an action to recover damages therefor. . . . The negligent acts or wrongs committed by the corporation, before the appointment of the receiver, are independent transactions, for which the corporation alone is responsible."

In *Emory v. Faith,* 113 Md. 253, the court held:

"It is settled, we think, by all the well-considered authorities that an action at law for personal injuries sustained by the alleged negligence of a corporation, prior to the appointment of a receiver, cannot be maintained against the receiver subsequently appointed. In other words, a receiver is not liable for a tort committed by a corporation prior to his appointment."

The same rule is announced in many other jurisdictions, and is very forcibly stated in *Finance Co. of Pennsylvania v. Charleston, C. & C. R. Co.,* 46 Fed. 508, in passing upon an application for leave to sue the receiver for personal injuries sustained before his appointment.

"There can be no doubt that a receiver is responsible for personal injuries suffered through the negligence of his employees during the receivership. It is equally clear that neither he nor the funds in his hands arising

from the earnings of the road under him can be held responsible for wrongs committed before any receiver was appointed. The proper course for the petitioner is to bring his action against the company. But he cannot have the sanction of this court for a suit against the receiver upon a cause of action for which, as such, the receiver cannot be responsible. The leave asked is refused.''

From the record in this case it appears that Thomson, trustee, was improperly joined as a party defendant, and that plaintiffs have no cause of action against him and for that reason the judgment of the circuit court is erroneous. Judgment reversed and cause remanded.

*Reversed and remanded.*