GERTRUDE MYLES and JAMES MYLES,

*v.*

SAM BUTLER.

(*Knoxville*, September Term, 1956.)

Opinion filed June 7, 1957.

KING & FUSTON, Chattanooga, for plaintiffs in error.

HARRY BERKE, Chattanooga, for defendant in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

The plaintiffs brought separate suits in the Circuit Court of Hamilton County against the defendant, Sam Butler, to recover damages to each of them upon the facts set forth in separate declarations. The plaintiff, James Myles' suit was for loss of services resulting from his wife's injuries. The latter sued in her own right to recover damages which were personal to her. The declarations in each case alleged the same facts. The pleas of the defendant were the same in each case.

The declaration charged that the defendant was the owner of a certain store building in the City of Chattanooga, located at 318 W. Ninth Street, and that plaintiff's wife was in the store as an invitee for the purpose of buying groceries, and while so engaged "the floor upon which she was standing suddenly and without warning gave way, causing her left leg to go through the floor." She is alleged to have been painfully injured. It is further charged that the defendant "negligently and carelessly leased premises in an unsafe and dangerous condition"; "that the floor had deteriorated through the years and was in fact rotted and as such constituted a trap or dangerous condition." It is charged that the defendant

knew, or should have known, of this condition in the exercise of reasonable care.

The defendant pleaded the general issue of not guilty. The plaintiff moved the court to require the defendant to file his pleas specially, and, thereupon, pursuant to the order of the court, he filed special pleas in which he denied every allegation in the declaration, making specific denial of the acts of negligence complained of. Among these special defenses relied on, and pertinent to the question made on this appeal, is the following averment: "He denies that on or about January 24, 1955, and for a considerable period of time prior thereto he was the owner of the store building located at 318 W. Ninth Street, Chattanooga, Tennessee."

The case was called for trial on May 16, 1956, when, immediately following the selection of the jury, the plaintiffs' counsel thus addressed the court:

"Mr. Fuston: Due to the fact that they have denied ownership of the property, it will be necessary for us to call various clerks. I'd like to have permission to have Mrs. Brammer come up here and bring in some books that we need. It will be just a minute."

After a short recess the counsel for the respective parties entered into the following stipulation:

"Mr. Fuston: It is stipulated between the parties that the plaintiffs would show that the property located at 320 West Ninth Street is registered in the name of Zelik Butler by deed conveying the same to Zelik Butler in 1919, that the Register's Office further shows that there has been on change in the ownership of that property. It is further stipulated that Zelik

Butler died intestate approximately ten years ago leaving surviving three adult children who are still living.''

It was further stipulated by the parties that the said Zelik Butler left surviving him three children, Sam Butler and two sisters, all of whom are now living. They are the owners of the property by inheritance.

''Following the stipulation it was announced by the attorney for the plaintiffs that that was all the proof as to ownership of the property.

''(An off the record discussion was had.)

''The Court: The Court thereupon announced that if that was all the proof that you had as to ownership, the Court was inclined to hold that the necessary parties were not before the Court and would direct a verdict at the conclusion of all the proof on the issue of ownership. Plaintiff's counsel thereupon announced that since the Court was going to direct a verdict on that issue, that it would be a waste of time to introduce the proof as to negligence and would test the Court's ruling on that issue.

''Mr. Fuston: Note exception to the ruling of the Court.''

The plaintiffs moved the court for a new trial upon the following grounds:

''1. There is no evidence to support the verdict.

''2. The evidence preponderates against the verdict.

''3. The verdict is contrary to law.''

The motion was later amended by leave of the court by adding thereto the following specific averments:

"4. The Court erred in directing a verdict for the defendant upon the grounds that the necessary parties were not before the Court because the defendant did not raise such objection by motion to dismiss, demurrer, or plea in abatement as required by Section 8611 and 8613 of Williams' Code of Tennessee (Sections 20-108 and 20-109 of Tennessee Code Annotated) and the common law of the State of Tennessee.

"5. The Court erred in directing a verdict for the defendant upon the grounds that the necessary parties were not before the Court because the defendant did not set forth in his Special Pleas that there was a tenancy in common as said special pleas are crocheted with words to lead one to believe that defendant had absolutely no interest in said property and he is now estopped to rely upon the assertion that his interest is one of tenancy in common with others."

The motion was overruled and an appeal was prayed and granted to this Court. The assignments of error challenge the correctness of the trial judge's action in overruling plaintiffs' motion for a new trial.

■ The defendant's counsel insist that the assignments should be overruled and the trial judge affirmed because "The plaintiff introduced no proof whatever, and it is not entitled to test a single issue on motion for directed verdict, and must introduce all of its proof and then test the entire case."

This position of the defendant in error is wholly untenable inasmuch as the appeal was not prayed and

granted from an interlocutory order or ruling of the trial judge. The record conclusively shows that the trial judge directed a verdict for the defendant upon the ground, and for a specific reason, which he considered as conclusive of the plaintiffs' cases regardless of any evidence of negligence on the part of the defendant, or any fact pertinent to the plaintiffs' cause of action.

The trial judge sustained the defendant's motion for a directed verdict in his behalf upon the following authority: "where the proprietors of land neglected a duty incident to their title, all had to be joined as defendants." 39 Am.Jur., page 911. The following cases appearing in the footnotes are not in harmony in support of the foregoing text. *Tandrup v. Sampsell*, 234 Ill. 526, 85 N.E. 331, 17 L.R.A.,N.S., 852, holds that joint tortfeasors are jointly and severally liable. This case was an action *ex delicto* in which the insistence was made that all parties in interest *as owners of the property* should be made defendants. It was overruled.

*Southard v. Hill*, 44 Me. 92, 69 Am.Dec. 85, apparently supports the text. But *Bailey v. City of New Castle*, 30 Pa.Dist. & Co. R. 179, holds directly to the contrary. In response to a petition to rehear the Court held, as follows:

"In the opinion previously filed in this case we held that one of the several tenants in common of real estate may be liable as an additional defendant in an action of trespass against a municipality for damages caused by the negligent maintenance of a sidewalk in front of said real estate *although the other tenants in common have not been served.*" (Emphasis supplied.)

We think the foregoing is the better rule and in principle is sustained by the weight of authority.

In the case at bar the suits are against the defendant, Sam Butler, as owner of the property in question and the gravamen of the action is that he is liable in damages based upon the rule of law applicable to the duty of a landlord to maintain leased premises in a reasonably safe condition so as to avoid injury to invitees.

We know of no rule of law which holds that each and every heir of a deceased person must be made a defendant in a tort action arising from the negligence of such heirs and co-owners to repair premises which are alleged to be dangerous to invitees. Thus any judgment obtained by the plaintiffs could affect only the interest of those who are before the court. We hold therefore that the plaintiffs' suits will not be allowed to fail because of their inability, or failure for any cause, to locate and serve with process each and every person having an interest in the defective premises, whether such persons be heirs or co-owners as tenants in common.

The plaintiffs' suits were dismissed because the two sisters of Sam Butler had not been made defendants by service of process. The trial judge expressed the opinion that the effect of the special plea, to which we have referred, was "to put plaintiffs on notice to make an investigation as to the status of the estate of Zelik Butler, deceased, and amend their suits accordingly."

With all deference to the learned trial judge, we cannot agree for reasons now to be stated, even if said plea was available. Neither the declarations nor the special plea made any mention of Zelik Butler. He was

a stranger to the plaintiffs' cause of action. His estate was not involved. Moreover, the fact that Sam Butler was an heir of Zelik Butler was not disclosed until the aforesaid stipulation was introduced and made a part of the record, at which time the plaintiffs' suits were barred as to all co-owners other than the defendant. The plea was admitted to be false and hence was not available for any purpose.

We pretermit any further consideration of the legal effect of the special plea to the declaration inasmuch as it was shown to be false. When this fact was brought to the attention of the trial judge by the stipulation of counsel he should have, on his own motion, ordered it stricken from the record.

The statute relating to special defenses (20-921, T.C.A.) is specific in requiring that the plea "shall state the facts relied on, truly, and briefly", and that the defendant shall make explicit all matters of defense which otherwise would be implied on pleas of the general issue. *Provident Life & Acc. Ins. Co. v. Prieto,* 169 Tenn. 124, 83 S.W.2d 251; *Creekmore v. Woodard,* 192 Tenn. 280, 241 S.W.2d 397; *Hammett v. Vogue, Inc.,* 179 Tenn. 284, 165 S.W.2d 577.

The assignments of error are sustained. The cases are reversed and remanded for further proceedings consistent with this opinion.