MAURICE LEBEL AND LORRAINE LEBEL
*vs.*
WILLIAM A. REAGAN III

York.    Opinion, June 21, 1963.

*Harvey & Harvey,*
   *by Joseph E. Harvey,* for Plaintiffs.

*Verrill, Dana, Walker, Philbrick & Whitehouse,*
   *by John A. Mitchell,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

SULLIVAN, J.   The plaintiffs, husband and wife, were passengers in an automobile operated by Ormand W. Bedell and sustained injuries when that motor vehicle collided with a car driven by the defendant.   The plaintiffs instituted this duplex complaint for compensation.   The defendant presented a motion to the trial court professedly pursuant to Rule 19 (b), Maine Rules of Civil Procedure, 155 Me. 510, to have Ormand W. Bedell, a resident of Saco, Maine, joined as a co-defendant in these conjoined actions. The plaintiffs filed a counter motion for the denial of defendant's motion, for the assigned reasons that any attributable negligence of Ormand W. Bedell can not be imputed to the plaintiffs, that the plaintiffs seek no recovery from Bedell, that Bedell's inclusion as a party defendant would tend to confuse the issue and that any negligence of Bedell is immaterial to the issue between the plaintiffs and the defendant.   The justice below dismissed the motion of the defendant who now prosecutes his appeal from that ruling.

Rule 19 (b) is in pertinent text as follows:

"(b)   **Effect of Failure to Join.**   When persons who are not indispensable, but who ought to be

parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them summoned to appear in the action. - - - - ”

In Maine Civil Practice, Field and McKusick, P. 222, it is said:

“ - - - - Rule 19 (b) in referring to persons ‘who ought to be parties if complete relief is to be accorded between those already parties’ is speaking of parties ‘conditionally necessary.’

If a party is one who ought to be joined if possible, the rule provides that the court shall order him summoned to appear. This will normally be done pursuant to motion, but the court might make such an order on its own initiative. If such a party cannot be served with process and does not come in voluntarily, the court has discretion to permit the action to proceed without him. He will not, of course, be bound by any judgment in the action.”

Where applicable the rule is mandatory.

It is to be noted that Rule 19 (b) is operative when conditionally necessary parties:

1. are subject to the court's jurisdiction;

2. ought to be parties to effectuate complete relief amongst persons already parties.

Because of Bedell's residence in Maine he is amenable to the jurisdiction of the Superior Court. It is necessary to decide if he is a conditionally necessary party.

The following excerpts are from decided cases of this court upon the topic of non joinder in actions of tort.

“ - - - - One reason why the plaintiff in an action ex delictu, should not be required to include all the

tort-feasors, is, that he may not know them, or be able to find proof against them - - - - "
*Southard* v. *Hill* (1857), 44 Me. 92, 96.

"        In tort, as a general rule, the action may be brought against one or all of the tort feasors - - - - "
*Howe* v. *Shaw* (1868), 56 Me. 291, 293.

" - - - - As every wrongdoer is responsible for his own act, it is a general rule that when two or more participate in the commission of a wrong, the injured party may proceed against them either jointly or severally; and if severally, whether the separate actions are brought at the same time or successively, each may be prosecuted to final judgment. But the sufferer is obviously entitled to only one full indemnity for the same injury - - "
*Cleveland* v. *Bangor* (1895), 87 Me. 259, 262.

" - - - - It is of course a familiar rule that where several persons jointly commit a tort, the person injured has his election to sue all or any of the joint tort-feasors, and in an action against one or more may recover the damages caused by all jointly."
*Allison* v. *Hobbs* (1901), 96 Me. 26, 29.

"A person who commits a tort is a tort-feasor.

Persons who do not cooperate, the harm by each being distinct, cannot be sued jointly, even though the harms may have been precisely similar in character. *Allison v. Hobbs,* 96 Me., 26, 51 A. 245, 246.

Persons who contribute to the commission of a tort are joint tort feasors."
*Gordon* v. *Lee* (1935), 133 Me. 361, 363.

" - - - - When two or more participate in the commission of a wrong, the injured party may proceed against them severally as well as jointly and prosecute his action to final judgment, but obtaining complete indemnity, must be content - - - - "
*Gregware* v. *Poliquin* (1937), 135 Me. 139, 141.

The authorities cited and quoted confirm with verifying clarity that Bedell, driver of the motor vehicle in which the plaintiffs were passengers at the time of the collision between the two automobiles involved, is in the instant case neither necessary nor indispensable as a party *"if complete relief is to be accorded between those already parties."*

> " - - - - Tort feasors are not indispensable or necessary to an action against one of their number because their liability is both joint and several - - - - "
> Moore's Federal Practice, 2nd ed., Vol. 3, § 19.07, P. 2153.

> "Since the liability of joint tort-feasors is joint and several, the plaintiff may sue one or more as he chooses. The omitted wrongdoers are neither indispensable nor necessary."

> Federal Practice and Procedure, Barron and Holtzoff-Wright, § 513.8, P. 127.
> *Ward* v. *Deavers,* C. A. D. C., 203 F. (2nd) 72, 76.
> *Rumig* v. *Ripley Mfg. Corp.,* D. C. Pa, 9 F. R. D. 467, 468.
> *News, Inc.* v. *Buescher,* D. C. Ill., 81 F. Supp. 741, 742.

Dismissal of the defendant's motion by the justice below was proper.

The defendant is in no way prevented from instituting a third-party complaint for contribution under Rule 14 (a). *Bedell* v. *Reagan,* 159 Me. 292.

The mandate must be:

*Appeal denied.*