## J. H. LAMB V. A. S. JAMES.

### No. 240.

1. **Measure of Damages on Breach of Warranty.**

   The rules of the common law as to the measure of damages against the warrantor on sale of land where the title was defective, and the vendee without eviction bought in the adverse title, apply only to lands the title to which have passed or have so far passed out of the government as to be the lawful subject matter of private contract. They do not apply to public lands ....... ................................................... 490

2. **Public Lands Not Subject of Contract.**

   The public lands are not a lawful subject matter of private contract, and an attempted conveyance thereof by one private person to another passes no

87  485
91  646
91  650
f91  651

interest whatever in the land, and does not create the relation of vendor
and vendee; and therefore can not be held to furnish a consideration for the
promise of payment, or the securing of the supposed consideration of such .
conveyance ........  .................  ...........................  490

**3. Vendor and Vendee—Attempted Sale of Public Lands.**
Although no fraud was perpetrated, even in an executed contract for the sale
of public land, there being no consideration, the vendee can recover the
purchase money of the vendor and have purchase money notes, given in the
transaction, cancelled .........................................490, 491

ERROR to Court of Civil Appeals for Second District, in an appeal
from Wichita County.

This case involves the right of parties contracting with each other
for the sale and purchase of vacant public land, in which neither party
could have any title or interest. James, the vendor, claimed under an
attempted purchase by one Still from the land board. This contract
was void, sale not having been made in the county or district where the
land was situated, and the purchaser never having settled upon the land.
Lamb, the vendee of James, at time of his purchase knew of the de-
fect in the title. He settled upon the land, and applied for and ef-
fected a purchase from the State as an actual settler. After his pur-
chase from the State, Lamb brought suit against James for the cash
payment made, and also against the assignee of his notes for their can-
cellation. The case was before the Court of Civil Appeals, volume 2,
p. 185. It was there held, that the measure of damages upon the nul-
lity of the title appearing was restricted to the amount Lamb had been
compelled to expend to perfect the title. The second trial in the Dis-
trict Court followed the decision in the Court of Civil Appeals, and
on appeal this judgment was affirmed, from which the plaintiff below
prosecutes error. The facts are stated in the opinion.

In the application for writ of error it was complained, that "the or-
dinary rule as to the measure of damages where the title of the ven-
dor fails and the vendee buys in an outstanding title limiting the re-
covery to the sum paid for such outstanding title, does not apply where
the vendor has assumed to sell part of the public domain and the
vendee subsequently buys from the State; because (1) it is against pub-
lic policy to thus permit the vendor to acquire an interest in land sold
by the State to a third person, i. e., this vendee; for the provisions of
the Act of April 8, 1889, restricting the sale of such land to actual set-
tlers only, would thereby be defeated, and the sale would be made to
Lamb by the State, in part at least, for the benefit of James, who never
was an actual settler thereon and never expected to be. (2) The said
rule as to the measure of damages is based upon the theory that the
vendee obtains from his vendor something—possession at least—which
may in time ripen into a perfect title; but where the land belongs to
the State the reason does not apply, because the possession as against

the State is wrongful, and no lapse of time will mature the possession into a title against the State; and as the vendee gets absolutely nothing by his deed, the total consideration paid is his measure of damages."

*J. H. Cobb*, for plaintiff in error.—Where one has assumed to sell land which is a part of the public domain, his vendee, upon discovering such fact, may repudiate the contract, recover any purchase money paid, and procure title to himself from the State. Wheeler v. Styles, 28 Texas, 240; Rogers v. Daily, 46 Texas, 583; Swetman v. Sanders, 85 Texas, 294.

*Ashby S. James* and *R. E. Huff*, for defendant in error —1. The measure of damages on a breach of warranty of title to land, where the vendee is still in possession, and has voluntarily purchased the outstanding title, is limited to the costs and expenses of his purchase of such outstanding title. Denson v. Love, 58 Texas, 468; McClelland v. Moore, 48 Texas, 355; James v. Lamb, 2 Texas Civ. App., 185.

2. A purchaser who receives a deed with general warranty of title, with notice at the time that the title is defective, can not resist the payment of the purchase money notes on the ground that the title is defective.

One who purchases a defective title with the knowledge that certain contingencies are to be encountered and certain things to be done in order that his title may afterwards be perfected, can not resist the payment of the purchase money notes, and complain because he may afterwards be required to perfect his title by meeting the contingencies, which were taken into consideration by him and assented to at the time of the purchase. Brock v. Southwick, 10 Texas, 65; Cooper v. Singleton, 19 Texas, 260; Lucky v. McGlasson, 22 Texas, 282.

3. Where a vendor of land is in possession of same, claiming it under title from the sovereignty of the soil, and conveys same to his vendee in good faith by deed with covenant of general warranty, and the consideration in said deed is paid in full, partly in cash and by the execution of the vendor's lien notes of said vendee, and said vendee is placed in possession of the land so conveyed, and said vendee afterwards seeks to perfect his title by purchasing a paramount outstanding title, of which he was advised at the time of his purchase, the vendor's lien retained in said notes is properly foreclosed when judgment is rendered upon same. Ogburn v. Whitlow, 80 Texas, 239; Wright v. Campbell, 82 Texas, 388; Busby v. Bush, 79 Texas, 664.

DENMAN, ASSOCIATE JUSTICE.—In 1885 the Gulf, Colorado & Santa Fe Railway Company survey number 2, 333 acres of land, in Wichita County, Texas, was part of the public domain set apart for the benefit of public free schools.

September 7, 1885, Still applied to the land board to purchase same as agricultural land under the Act of April, 1883, and same was by said board awarded to him; but he acquired no interest therein by virtue of said award, for the reason, (1) that he never became an actual settler thereon, and (2) the land was not sold in the county or district where situated. The State v. Opperman, 74 Texas, 136; Martin v. McCarty, 74 Texas, 128.

When the land was awarded to Still, as aforesaid, he paid a small part of the purchase money, and gave his notes for the balance to the State.

In March, 1887, Still conveyed the land by warranty deed to James, who assumed the payment of said notes, but never took possession of the land. In February, 1889, James, by deed with covenants of general warranty, conveyed to Lamb and Edwards, in consideration of $200 cash and four negotiable promissory notes for $294.05 each, executed by Lamb and Edwards in favor of James, and the assumption by Lamb and Edwards of the payment of said notes executed by Still to the State, vendor's lien being retained to secure all said notes.

Lamb and Edwards immediately upon said purchase moved upon and became actual settlers upon said land. Soon afterwards Edwards sold to Lamb, who assumed to pay all said notes. When Lamb and Edwards purchased they were aware that there was some question about the regularity of the Still purchase, but believed they were getting good title.

After Lamb purchased the interest of Edwards as aforesaid, he ascertained that he had acquired no title under the conveyances above, and that the land was still public domain, whereupon he made application under the Act of April 8, 1889, as an actual settler to purchase said land from the State, which he did at a cost to him of $333 more than the aggregate amount of the Still notes, the Still purchase and notes having been at Lamb's request cancelled. Said notes executed in favor of James were by him for their face value indorsed to the Panhandle National Bank, which had notice of the facts above.

Under the above state of facts, Lamb, in March, 1890, sued James and said bank, seeking to recover of James said $200 cash payment made by Lamb and Edwards to James, and to have said four notes executed by Lamb and Edwards to James, and by him indorsed to said bank, cancelled.

The bank in reconvention sought a judgment against Lamb, as principal, and James, as indorser, for the full amount of said notes, interest and attorney's fees, and a foreclosure of the vendor's lien for the full amount thereof on said land as reserved in the deed from James to Lamb and Edwards.

The State at the instance of Lamb intervened, in May, 1890, seeking to cancel the Still purchase.

On the first trial the court below rendered judgment for the State against James, concelling the Still title, and for Lamb against James for $200, and against the bank for cancellation of said notes.

On the second trial the court, in deference to the opinion of the Court of Civil Appeals, in James v. Lamb, 2 Texas Civil Appeals, 186, rendered judgment in favor of the State cancelling the Still title, and against Lamb for the full amount of the four notes executed to James as aforesaid, less $333, and for a foreclosure of the vendor's lien on said land, and against James as indorser on said notes.

The judgment was necessarily lengthy in adjusting the rights of the parties under the rules of law applied by the court below, but the above is the substantial result thereof as to Lamb, and all that is necessary to state for the purpose of this discussion.

On appeal by Lamb the judgment was affirmed by the Court of Civil Appeals, and he has brought the case here on writ of error.

The court below, in rendering, and the Court of Civil Appeals, in affirming, the judgment herein, were governed by the well-established rule of law, that where a vendee sues his vendor on his warranty, and it appears on the trial that, although there was a failure of title, the vendee, without having been evicted, has purchased the superior title, the measure of the vendee's recovery on the warranty is the sum expended by him in thus perfecting the title, not to exceed the original purchase money and interest; and where, as in this case, the notes representing unpaid purchase money, being held by the vendor or a purchaser with notice, exceed in amount the sum paid for the outstanding title, the vendee is only entitled to have credited thereon the sum so paid. This rule originated at common law, where the vendor placed the vendee in actual possession by livery of seizin, and such possession would in time ripen into a perfect title, and at all events, was, before eviction, of great value in securing the immediate enjoyment of the land and in defending against or forcing a compromise with the holder of the superior title; and being placed by the vendor in so advantageous a position with reference to the land, the vendee, while retaining such possession, was estopped from repudiating or disputing the vendor's title or setting up against the interests of the vendor any subsequently acquired title, except to charge the vendor on his warranty with such sum as it was necessary for him to expend in acquiring the outstanding superior title to protect his possession.

In such cases it could not be said that there was a failure of consideration for the payment of the purchase money, even though the title should fail, and in the absence of a warranty the purchase money could not be recovered upon such failure.

Though the method of conveying land has been changed by statute so that it is no longer essential that the vendor should have, or place

the vendee in, actual possession, nevertheless the law regulating their respective rights remains the same.

These rules apply to private lands, that is, lands the titles to which have passed, or so far passed out of the government as to be the *lawful subject matter* of private contract.

But do such rules have any application to an attempted conveyance of a portion of the public domain? ·The vendor can not lawfully place the vendee in possession. The possession of the vendee can not ripen into a right, nor will it give him any advantage in dealing with the State. His wrongful possession will not even preclude an actual settler from moving onto the land under contract with the government, for it can confer upon him no right of action or defense. The making of such deeds by private parties would tend to embarrass the State in the disposition of its public lands, would encumber the homes of the purchasers with liens not only to the State for the real purchase money, but also in favor of a stranger to the title for such sum as he might charge the settler for his pretended right, thereby rendering the settler less able to perform his contract with the State, and is therefore contrary to public policy.

The public lands are not a lawful subject matter of private contract, and an attempted conveyance thereof by one private person to another passes no interest whatever in the land, and does not create the relation of vendor and vendee, and therefore can not be held to furnish a consideration for the payment, the promise of payment, or the securing, of the supposed consideration of such conveyance. Wheeler v. Styles, 28 Texas, 240; Rogers v. Daily, 46 Texas, 582; Palmer v. Chandler, 47 Texas, 333; Houston v. Dickson, 66 Texas, 81. ·

We are of opinion that the rules of law above referred to by which the rights of vendor and vendee are adjusted, in suits to recover purchase money for failure of title in case of conveyances of private lands, have no application to cases where the attempted conveyance was of public domain.

In the latter class of cases, the purchase money can be recovered by the vendee from the vendor though the deed contain no warranty, for the reason that the land was not the subject matter of private contract or conveyance, and there being an utter failure of consideration it would be inequitable for the vendor to retain the purchase money; or if there be a warranty, the suit might be maintained thereon for the full consideration, as in case of total failure of title conveyed and eviction by superior title. See cases above cited. Also Garber v. Armentrout, 32 Gratt., 235; Johnson v. Krassin, 25 Minn., 117; Walsh v. Rogers, 15 Neb., 309; Laws. Rights and Rem., sec. 3691.

From these principles it results, that although there was no fraud in the conveyance from James to Lamb and Edwards, and although the deed reserving a vendor's lien be considered an executed contract for

the purposes of this case, nevertheless the deed, having passed no title or claim to the land, and being against the policy of the law, furnished no consideration for the payment of the $200 cash or the execution of the notes; and therefore Lamb, in this suit, in which he set up all the facts and prayed for general relief, was entitled to judgment against James for the $200 cash paid and interest, and against the bank, which purchased the notes with notice of the defect in the title to the land, for a cancellation of the notes executed to James by Lamb and Edwards, whether this be considered a suit on the warranty in the deed from James to Lamb and Edwards, or be considered a suit to recover the cash payment, and to cancel the notes for failure or want of consideration.

It is ordered that the judgments of the trial court and Court of Civil Appeals be reversed, and that judgment be here rendered for Lamb against James for the $200 purchase money, and interest at 8 per cent from date of payment, and against James and the bank for cancellation of the notes executed by Lamb and Edwards to James, and in favor of the State against James for a cancellation of the Still title, and in favor of the bank against James on his indorsement for the sum adjudged by the court below, there being no complaint here of the two latter adjudications.

*Reversed and rendered.*

Delivered February 4, 1895.

*West & Cochran, A. S. James,* and *R. E. Huff,* filed an argument for rehearing. The motion was overruled.