BOB KISER ET AL. v. JOHN LUNSFORD.

Decided March 15, 1905.

**1.—Vendor's Lien—Failure of Title—Burden of Proof.**

Where failure of title was pleaded in defense to a suit on notes given on sale of a preemption survey of land, which the plea alleged was property of the State school fund, and had since been sold by the State as such, the burden was on defendants to prove the preemption claim invalid, and this was not met by showing that several lawyers had so advised them, or that the State had treated and sold it as school land.

**2.—Admission—Agreement Construed.**

An agreement that the State had recognized and sold certain land as belonging to the State school fund is not to be taken as an admission that it was such, or that a previous survey of same on a preemption claim was invalid.

**3.—Vendor and Vendee—Defective Title.**

One buying land, with knowledge of the state of the title, can not resist the payment of purchase money notes on account of failure of the title, whether his deed is quitclaim or warranty, except in cases falling within the rule announced as to attempted sales of land belonging to the State by private parties. Lamb v. James, 87 Texas, 485; Rayner Cattle Co. v. Bedford, 91 Texas, 642.

**4.—Vendor and Vendee—Sale in Gross—Partial Failure of Title.**

In the opinion of Justice Key, where two separate tracts are sold in gross, and not by the acre, failure of title to one of them is an equitable defense, requiring the party making it to restore possession, as well as tender his deed for cancellation.

Appeal from the District Court of Hamilton County. Tried below before G. H. Goodson, Esq., special judge.

*Main & Chesley,* for appellants.—Parol evidence is not admissible to prove any conditions which would defeat or control the legal effect of the deed delivered to appellants. Weir v. McGee, 25 Texas Sup., 31; Walker v. Renfro, 26 Texas, 144; Scarbrough v. Alcorn, 74 Texas, 362; Bigham v. Bigham, 57 Texas, 240.

If the vendor has no valid right to, or interest in the land which will pass to or vest in the vendee, he can not claim a vendor's lien to secure notes given in payment for it. Houston v. Dickson, 66 Texas, 79; Palmer v. Chandler, 47 Texas, 335.

The contract sued on is not such as would authorize a personal judgment to be rendered against Mollie Kiser, she being, as shown by the pleadings and evidence, a married woman at the time of such judgment. Menard v. Sydnor, 29 Texas, 260; Wofford v. Unger, 55 Texas, 484; Lynch v. Elks, 21 Texas, 230.

When it is apparent from the record that a sale under a foreclosure proceeding will pass no title to the land foreclosed upon, it is error for the court, by its decree, to instruct the officer making the sale to put the purchaser at such sale in possession of the land sold as against the owner of the title thereto.

Appellants, having alleged and proven a superior outstanding title to the extent of danger of eviction, of which the vendee had no notice at the time of the purchase, they were entitled to assert said after-acquired

outstanding title to defeat the recovery of appellee on the notes sued on. Groesbeck v. Harris, 82 Texas, 416; Cooper v. Singleton, 19 Texas, 260; Smith v. Nolen, 21 Texas, 497; Price v. Blount, 41 Texas, 475; Demaret v. Bennett, 29 Texas, 268.

*A. R. Eidson,* for appellee.—Parol evidence is admissible to show that a party accepting a deed to a tract of land knew that the title to said land was defective.

The deed from Lunsford to Elam was a quit-claim deed, and the deed from Elam to Kiser was a quit-claim deed, and Kiser knew that Lunsford had no title at the time he conveyed the land to Elam, and that Elam had no title to the land at the time he conveyed same to Kiser, and therefore Kiser could not defend against a suit upon the purchase-money notes, the payment of which he had assumed by showing that his vendor had no title. Thorn v. Newsom, 64 Texas, 165; Taylor v. Harrison, 47 Texas, 461; McIntyre v. De Long, 71 Texas, 86; Harrison v. Boring, 44 Texas, 255; Shepard v. Hunsacker, 1 Posey U. C., 578.

Outstanding title purchased by vendee, in possession of land under title deed, inures to vendor's benefit. Denson v. Love, 58 Texas, 471; McGregor v. Tabor, 26 S. W. Rep., 444.

Purchaser of land held under warranty deed can not resist payment of purchase money on account of outstanding title which he knew of at the time he purchased. Price v. Blount, 41 Texas, 472; Cooper v. Singleton, 19 Texas, 266; Woodward v. Rodgers, 20 Texas, 178; Johnson v. Long, 27 Texas, 21.

Vendee in possession, pleading outstanding title in third party in suit, for purchase money, must set forth value of improvements, rents and profits, etc., and ask an adjustment of equities. Heralson v. Langford, 66 Texas, 114.

The court did not err in ordering that the officers have their execution against the parties to this case respectively, for the cost incurred by each, as, under said order and judgment, an officer would not be authorized to levy an execution on the separate property of Mollie Kiser.

The court did not err in ordering the officers to put the purchaser of the land in possession of same within thirty days from the date of the sale, if one was made.

Kiser purchased the property, against which appellee Lunsford had a lien to secure the purchase money, knowing the condition of the title, and he thereby became liable for the payment of the purchase-money notes, and the court did not err in so holding and rendering judgment. Pickett v. Jackson, 47 S. W. Rep., 568.

KEY Associate Justice.—Appellee John Lunsford brought this suit against Bob and Mollie Kiser and W. N. Elam, seeking to recover on three promissory notes, and to foreclose a vendor's lien on an undivided half interest in two surveys of land, one of eighty acres and the other of one hundred and sixty acres.

Elam filed no answer. The other two defendants filed an answer setting up a general denial and a special plea of failure of consideration, alleging that, when the plaintiff sold the undivided half interest in the one hundred and sixty acre tract, he had no title thereto; that the title

was in the State, and that the defendant Bob Kiser has since then contracted to buy the land from the State at $2 per acre.

The pleadings, as well as the evidence, show that the plaintiff sold the land to the defendant Elam, retaining a vendor's lien to secure the payment of the notes sued on, and Elam sold to the other defendants, and they assumed the payment of the notes sued on. They alleged in their answer that the deed from the plaintiff to Elam, and the deed from Elam to them, were warranty deeds, but they did not offer to have them canceled, nor offer to surrender possession of any of the land purchased.

There was a nonjury trial resulting in a judgment for the plaintiff, substantially as prayed for, and the Kisers have appealed.

The notes sued on, in addition to other matters of description, describe the one hundred and sixty acre tract as the ‚C. F. Bumgardner preemption survey, and there was testimony tending to show the existence of that preemption survey. The only testimony in the record tending to show that the Bumgardner preemption was invalid, and secured no title, is the fact that since it was made three attorneys advised the parties to that effect; and the Commissioner of the Land Office has treated it as public school land, and sold it to the defendant Kiser as such, since he became liable for the payment of the notes sued on.

The trial judge filed no findings of fact, and we rest our affirmance of the judgment upon the theory that the evidence was sufficient to warrant a finding that it was not shown that the Bumgardner preemption survey was invalid and secured no title or right to the land. It is stated in appellants' brief that appellee admitted that the land was State school land, but we do not find any such admission in either the pleadings or statement of facts. In the statement of facts it is admitted "that the defendant has filed on the one hundred and sixty acre Bumgardner preemption survey, as State school land, since the same was conveyed to him by the defendant Elam, and that the same has been awarded to him at $2 per acre by J. J. Terrell, Land Commissioner, and that he has made the first payment thereon, and has executed his obligation for the balance of the purchase money, the date of such award being February 9, 1904." This is not an admission that the land included in the Bumgardner preemption is, in fact, part of the State school land, but is only an admission that Kiser has filed on it, and made a contract to purchase it as such land. In a case of this kind, where the burden rests upon the defendant to show a failure of the title conveyed to him, we are of opinion that the mere showing that the Commissioner of the Land Office has treated the land as belonging to the State, and that lawyers have expressed opinions to the same effect, does not constitute such evidence as necessarily required a finding that the title conveyed by the plaintiff has failed. It was not shown that the conveyances from the plaintiff and Elam to the Kisers did not vest in them all title or right secured by the Bumgardner preemption; nor was it shown by satisfactory evidence that such preemption survey was invalid.

This renders it unnecessary to decide whether or not the deeds from the plaintiff to Elam, and from Elam to the Kisers, and quit-claim or warranty deeds. According to the plaintiff's testimony the defendant Bob Kiser, who owned the other half interest in the Bumgardner pre-

emption, knew the condition of the title at the time he purchased from Elam. This being true, and the Kisers remaining in possession, they could not resist the payment of the purchase money, no matter which class of deed they held under, unless they made it appear that the consideration for the notes, or part of it, at least, was land belonging to the government, so as to bring the case within the rule established by Lamb v. James (87 Texas, 485), as explained and limited in Rayner Cattle Co. v. Bedford (91 Texas, 650). As before said, the proof on that subject was so meager as to warrant a finding against the defendants on that issue.

In the opinion of the writer, speaking for himself only, the judgment should be affirmed for another reason. The land was not sold by the acre, nor in separate tracts, but both together, for a total consideration of $550. This being the case, the plea of failure of consideration was an equitable defense, and should not have prevailed, because the defendants did not offer to return the plaintiff's deed, and have it canceled, nor to restore to him possession of either tract of land. Being a sale in gross, and the defendants interposing an equitable defense, they should have offered to do equity by restoring the plaintiff to the position he was in before he sold the land. (Cooper v. Singleton, 19 Texas, 260; Haralson v. Langford, 66 Texas, 114.)

We hold that the trial court committed no error in the rulings made as to the admissibility of testimony, nor in rendering the judgment complained of, and that judgment will be affirmed.

*Affirmed.*

Associate Justice Edison did not sit in this case.