**STONE et al. v. MESSER.   (No. 6545.)**

(Court of Civil Appeals of Texas. Austin. Jan. 24, 1923.)

**1. Venue ⊕⇒7—Note payable in stated town is payable within that county.**

Where a note stated it was payable at a designated town, it was made payable in the county in which that town was located, so as to authorize suit thereon in that county under Rev. St. 1911, art. 1830, even though it did not state the name of the county.

**2. Evidence ⊕⇒441(1)—Parol evidence may explain contract so as to fix venue at place of performance.**

Where, under Rev. St. 1911, art. 1830, a note payable at a designated town was relied on to fix venue, parol evidence to show that the town was located in the county of suit did not contradict the note, but was in explanation thereof.

Appeal from District Court, Bell County; M. B. Blair, Judge.

Suit by J. B. Messer against J. G. Stone and others. From an order overruling the plea of privilege to be sued in the county of their residence, filed by J. G. Stone and another, those defendants appeal. Affirmed.

G. W. Barcus, of Waco, for appellants.
Edmund Heinsohn, of Temple, for appellee.

JENKINS, J. [1] This appeal is from a judgment of the district court of Bell county, overruling appellants Stone and Dugger's plea of privilege to be'sued in the county of their residence. The undisputed proof shows that these appellants resided in McLennan county at the time this suit was instituted and at the time of the trial. They filed their plea of privilege in form required by the statute. Appellee controverted the plea of privilege, alleging that the instrument sued on was payable in Bell county. Appellee's petition herein had so alleged. Upon the trial of this issue the instrument sued upon was introduced, which reads as follows:

"$925.00                    Feb. 10th, 1920.
"Oct. first after date for value received I promise to pay to J B. Messer or order nine hundred twenty-five dollars at Temple. To bear interest at the rate of 10 per cent. per annum from date. And further hereby agree that if this note is not paid when due to pay all costs necessary for collection including ten per cent. for attorney's fees.
                              "J. G. Stone.
                         · "Tollie Dugger."

It will be observed that the note sued on is not, in express terms, made payable in Bell county; the place of payment named is Temple. In Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399, it was said that Rev. St. art. 1194 (now 1830), does not provide that the instrument in writing shall, by express words, require the performance of the contract in, a particular county. In that case the written instrument sued upon provided that certain goods should be shipped to Columbus, without stating in what county Columbus was situated. The court held that

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered-Digests and Indexes

the evidence was sufficient to show that the contract was to be performed in Colorado county. In Darragh v. O'Connor (Tex. Civ. App.) 69 S. W. 646, the written instrument showed that the contract was to be performed in Burnet, Tex., without naming Burnet county. The court held that the evidence made it clear that the contract was to be performed in Burnet county. In Bell County Brick Co. v. Cox & Co., 33 Tex. Civ. App. 292, 76 S. W. 607, the contract provided for the shipment of oil from Beaumont to the Bell County Brick Company. It was shown that the Bell County Brick Company was located in Bell county; that it used oil at its brick kiln in that county, and nowhere else. It was held that the venue was properly laid in Bell county. The court, among other things, said:

"It will be seen that the contract does not, by express terms, upon its face, provide for performance in Bell county. This, however, is not necessary in order to confer jurisdiction under the article above referred to [section 5, art. 1830, R. S.]. 'It is held that the question to be determined is whether the legal effect and purport of the written instrument is that it should be performed in the county where the suit is brought.' * * * We think the rule is clearly stated in the authorities cited. Applying them to the contract and the facts * * * in evidence in this case, we are unable to escape the conclusion that the legal effect and purport of the contract, interpreted in the light of the circumstances surrounding the parties and attending its execution, contemplated a delivery of the oil by appellees in Bell county, Tex."

The facts shown by the uncontradicted testimony were that appellee, at the time of the execution of the note, and for a number of years prior thereto, lived in Temple, in Bell county, Tex., and that appellants were aware of that fact. The note was drawn and signed in Temple, Bell county, and at the same time, and as a part of said transaction, appellants executed a chattel mortgage, which recited that the appellee was a resident of Temple, in Bell county, Tex. The evidence failed to show that there was any other town by the name of Temple, in Texas, or elsewhere.

[2] In the language above quoted, we are unable to escape the conclusion that the legal effect and purport of the contract, interpreted in the light of the circumstances surrounding the parties attending its execution, contemplated a payment of said note at Temple, in Bell county, Tex. Oral evidence of the character referred to does not contradict the written instrument, but is explanatory thereof.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

BLAIR, J., not sitting.