JOSEPH S. SHELDON v. J. T. ROBISON, COMMISSIONER OF GENERAL LAND OFFICE, ET AL.

No. 4936.    Decided June 25, 1928.

(8 S. W., 2nd Series, 662.)

*Dodson & Ezell, Hill, Grover, Boyle, Wilson & Gresham, Boyle, Ezell & Grover,* and *J. D. Wheeler,* for relator.

*R. L. Batts* and *J. T. Robison,* for respondent.

*Koerner, Fahey & Young,* for co-respondent Roxana Petroleum Corpn.

*Harris, Harris & Sedberry,* for co-respondents Tippett and Holmes.

*Claude Pollard,* Attorney-General, with *C. W. Truehart,* Assistant, *Underwood, Johnson, Dooley. & Simpson, T. L. Foster* and *J. W. Timmins, T. R. Freeman* and *S. W. Marshall,* and *John L. Young,* by leave of the court, filed briefs and arguments as *amici curiae.*

MR. JUSTICE PIERSON delivered the opinion of the court.

Relator, Joseph S. Sheldon, seeks a mandamus to require J. T. Robison, Commissioner of the General Land Office, to issue to him a permit to prospect for oil and gas on Section No. 102, Block 194, Certificate No. 2302, Texas Central Railway Co. Survey, containing 407 acres, situated in Pecos County, Texas, under the Permit and Lease Act of 1917.

On the 26th day of August, 1914, said section of land, which by the Constitution of 1876 had been set aside to the public free schools, was awarded and sold to Rube Holmes, classified as "mineral," and was sold with a reservation of the minerals to the State of Texas, in accordance with Article 5433 of the Revised Statutes of 1911. Prior to the time of the filing of relator's application, J. H. Tippett had succeeded to all of the rights and title of said Holmes.

On September 23, 1927, respondent Robison rejected relator's application for permit to prospect for oil and gas on said land, on the ground that said land was not subject to permit because of the so-called Relinquishment Act, R. S. 1925, Arts. 5367 et seq.

On August 29, 1925, co-respondent J. H. Tippett, acting individually and as survivor in community of the estate of Laura Tippett, deceased, and as agent of the State of Texas, executed an oil and gas lease to co-respondent Roxana Petroleum Corporation on said land.

In its answer to relator's petition for mandamus, co-respondent Roxana Petroleum Corporation alleged the facts to be that said above mentioned lease was for a term of ten years, and as long thereafter as oil and gas should be produced in paying quantities from said land; that said lease provided for the payment of rents and royalties by the lessee in accordance with the Relinquishment Act. It further alleged that up to March 1, 1928, it had drilled seven oil wells on said property, at an approximate cost of $206,241.00, and had produced a total production of oil from said lease of approximately 268,703 barrels.

Upon relator's motion, co-respondents Rube Holmes and wife, Ruby Holmes, are hereby dismissed as not being necessary or proper parties to this cause.

Relator, Sheldon, alleges that the Relinquishment Act is unconstitutional and void upon a number of grounds. These reasons are fully stated and discussed in the case of Greene v. Robison (ante, p. 516) opinion this day delivered, and will not be restated here.

Like the case of Greene v. Robison, this case depends upon and is controlled by the determination of the issue of the constitutionality

of said Relinquishment Act. In that case we held said Act valid and constitutional, and denied relator's application for mandamus. The same order will be entered in this case for the same reasons as stated in Greene v. Robison.

Among other things, relator in his petition for mandamus alleged that "neither J. H. Tippett, the vendee of Holmes, nor Holmes, to whom the land was awarded, is the owner of the soil as that term is used in the Relinquishment Act, and, therefore, even should the Relinquishment Act be upheld as valid, the mineral estate was still in the State of Texas when this relator's assignor filed his application for a permit, and, therefore, he is entitled to the permit applied for." He makes the argument that in order for one to be an "owner of the soil" within the meaning of this Act, he must have paid the purchase price in full for the land; that one under contract of purchase and who had made the initial payment as required by law, and under the terms of law had executed his obligations for the deferred payments to run for forty years, as provided and authorized, was not an "owner of the soil." That therefore neither the original purchaser nor his successor, co-respondent herein, having paid the full purchase price, said co-respondent is not an "owner of the soil," and that he has no rights under the Act. Without deeming it necessary to review the history of these laws, and the customs and practices under them, we think the argument is not well founded. Clearly the Legislature had in contemplation the purchasers under contract under the provisions of law as the owners of the soil in this legislation.

Based upon the holdings in the case of Greene v. Robison, relator's mandamus is denied.