**EMPIRE GAS & FUEL CO. et al. v. STATE.**
**(No. 7387.)**

Court of Civil Appeals of Texas. Austin.
Oct. 9, 1929.

Rehearing Denied Oct. 30, 1929.

James W. Finley, of Chanute, Kan., and Phillips, Trammell, Chizum & Price, of Fort Worth, for appellant Empire Gas & Fuel Co.

Harris, Harris & Sedberry, of San Angelo, for appellant Tippett.

Claude Pollard, Atty Gen., and W. W. Caves and C. W. Trueheart, Asst. Attys. Gen., for the State.

BLAIR, J. The state of Texas recovered a joint and several judgment against J. H. Tippett, individually and as community survivor of the estate of his deceased wife, and Empire Gas & Fuel Company, a Maine corporation, for one-half of the $16,800 cash bonus and one-half of the $1 per acre rental remaining after deducting the 10 cents per acre paid the state, stipulated in an oil and gas lease executed by Tippett, in the capacity sued and as owner of the soil and agent for the state in virtue of the so-called Relinquishment Act (articles 5367 and 5368, Rev. St. 1925 [Acts 2d Called Sess. 1919, p. 249, c. 81, and Acts 1st Called Sess. 1921, p. 112, c. 38]), to the Empire Gas & Fuel Company on 480 acres of sold school land with mineral classification or reservation, out of survey 4, block 194, Gulf, Colorado & Santa Fé Railway Company lands in Pecos county. By way of cross-action the Empire Gas & Fuel Company recovered judgment for a like amount over against Tippett in the capacity sued, it having paid Tippett the entire bonus and rental stipulated, save the 10 cents per acre paid the state.

Both Tippett and the Empire Gas & Fuel Company have appealed, and contend, first, that the court erred in rendering judgment in favor of the state for any amount, because the evidence shows that the land involved was never properly classified as mineral; the land commissioner never having any proper basis or evidence upon which such classification was made. But appellants recognized and acquiesced in the classification of the land as mineral by executing the oil and gas lease in virtue of the Relinquishment Act and under which they derive whatever interest they have in the premises. They can-

not take under the act and at the same time deny its effectiveness.

Nor can appellants in good conscience claim that the land involved had not been effectually classified as mineral and the minerals reserved to the state upon its sale. The evidence shows that the land commissioner classified said survey 4 as mineral land on November 20, 1908, and again on August 8, 1914, which latter classification was recorded in the office of the county clerk of Pecos county August 11, 1914. Rube Holmes made application to purchase this survey and filed his application in the land office at Austin on August 10, 1914, which was sworn to and contained the following stipulation: "For the purpose of securing said land, I hereby represent that I am buying it for agricultural or grazing purposes only, and if it is classed as 'Mineral Land', the sale to me is upon the express condition that the minerals therein shall be and are reserved to the fund to which the land belongs, to all of which I agree."

This application was indorsed, "Awarded September 26, 1914," which constituted a sale of the land with mineral classification and reservation of minerals to the school fund in the instrument of conveyance. Holmes and wife deeded the land to appellant Tippett on October 22, 1917; the Relinquishment Act was passed in 1919; and Tippett in the capacity sued and as owner of the soil and agent for the state in virtue of the act executed the oil and gas lease in suit to Empire Gas & Fuel Company June 21, 1927. This evidence conclusively established the fact that the land was classified and sold as mineral and with reservation of the minerals to the school fund and of which all purchasers had constructive notice. So they got what they purchased and paid for and are not entitled to any more, and have no right to now complain that the land commissioner long prior to their purchase of the land had arbitrarily and without evidence classified it as mineral and sold it with reservation of the minerals to the school fund. Article 5433, Rev. St. 1911 (section 6f, Acts 1st Called Sess. 1907, p. 495, c. 20); Johnson v. Robison, 111 Tex. 438, 240 S. W. 300; Sheldon v. Robison, 117 Tex. 537, 8 S.W.(2d) 662; Greene v. Robison, 109 Tex. 367, 210 S. W. 498; Barden v. Northern Pac. R. R. Co., 154 U. S. 288, 14 S. Ct. 1030, 38 L. Ed. 992; Harper v. Terrell, 96 Tex. 479, 73 S. W. 949; Clements v. Robison, 111 Tex. 449, 239 S. W. 902; Noble v. Robison, 113 Tex. 24, 240 S. W. 901.

Both appellants also contend that under no proper construction of the Relinquishment Act is the state entitled to one-half of any bonus or rental in excess of the 10 cents per acre due the state in each case. This question was decided in favor of the state and is here foreclosed in the case of Greene v. Robison, 117 Tex. 533, 8 S.W.(2d) 655, 660, as follows: "We interpret the act to fix a minimum price of 10 cents per acre per annum and the value of one-sixteenth of the gross production free of cost to the state, for which the state is willing to sell the oil and gas, and the agent is authorized to secure the highest price obtainable for the benefit of the fund to which the land belongs; like amounts received by the state to be paid by the purchaser to the owner of the soil. If a bonus is paid, if a larger royalty or other amounts are contracted for, the state and the owner of the soil receive equally in like amounts."

And certainly the state was entitled to recover, jointly and severally, against both the lessee who obligated itself to pay the bonus and rental and Tippett who acted as agent for the state in making the lease and to whom the bonus and rental due the state under the lease and act were wrongfully paid.

Nor do we sustain the gas company's contention in this connection that since it paid Tippett who acted as agent for the state with full power to lease, sell, and convey the oil and gas, payment to him as such agent should constitute payment to the state under well-settled rules of agency. The act (article 5381, Rev. St. 1925), which must be read into and made a part of the lease contract, directs the manner and to whom all sums due the state under its operations shall be paid, as follows: "All payments shall be in the form of cash, bank draft on some State or National bank in Texas, post-office or express money order, or such other form as the law may prescribe for making remittances to the State Treasury, and shall be due and payable to the Commissioner at Austin."

And if the act had not so directed as to whom all sums due the state were payable, we would hold, in absence of specific language to the contrary, that the Legislature never intended that this very unusual Tom-Dick-Harry agency should without bond collect and receive large sums of money due the state under the operations of the act. Such slipshod method of transacting business has never been the policy of this state and would not be tolerated by its citizens. It is true that the owner in this case is solvent and responsible, but in many instances the owners might not be so, and in other instances they might be nonresidents or even foreigners with possible rights in the premises.

The plea of privilege of Tippett to be sued in Tom Green county, his domicile, was properly overruled. Article 5381, above quoted, which is read into and made a part of the lease contract, provides that all sums owing the state under operations of the act "shall be due and payable to the Commissioner at Austin," and is equivalent to a contract in writing to perform an obligation in Austin, Travis county, Tex. Stone v. Messer (Tex. Civ. App.) 247 S. W. 911; Lind v. Bank (Tex. Civ. App.) 16 S.W.(2d) 385. Therefore the Empire Gas & Fuel Company was properly

sued in Travis county under subdivision 5 of the venue statute (article 1995, Complete Tex. St. 1928), it having contracted in writing to perform its obligations (to pay all sums due the state) as lessee there, and Tippett was a necessary party under the allegation and proof that he wrongfully received and refused to pay over the bonus and rental due the state under the lease contract, which he had executed as owner-agent under terms of the Relinquishment Act, and so that the state might have its joint and several judgment as prayed. Then, too, the Empire Gas & Fuel Company is a foreign corporation, with an agent in Travis county, and was therefore properly sued in Travis county, under subdivision 27 of the venue statute (article 1995, Complete Tex. St. 1928), providing that a foreign corporation "may be sued in any county * * * where such company may have an agency or representative." Tippett was a necessary party as being liable on his warranty of title and under the allegation that the money sued for had been wrongfully paid to him and was therefore suable in Travis county under subdivision 29a of the venue statute (article 1995, Complete Tex. St. 1928), which provides that where suit is properly brought in any county as to any defendant, suit may be maintained there against any and all necessary parties. Pittsburg Water Heater Co. v. Sullivan, 115 Tex. 417, 282 S. W. 576; Southern Surety Co. v. Solomon (Tex. Civ. App.) 4 S.W.(2d) 599.

The above conclusions render unnecessary a determination of whether Tippett waived his plea of privilege by not filing it as against the cross-action of Empire Gas Company against him.

Appellant Tippett contends that since the Empire Gas & Fuel Company paid him the entire bonus and rental stipulated under mutual mistake of law that fifteen-sixteenths of the oil and gas estate belonged to him in virtue of the Relinquishment Act, no fraud or mutual mistake of fact having been shown to have induced the payment, said gas company was not entitled to the judgment awarded on its cross-action against him. But the oil and gas estate attempted to be sold by Tippett as his private estate belonged to the state of Texas, and the gas company was therefore entitled to recover the money it paid Tippett and belonging to the state, both on his specific warranty of title contained in the lease and as for money had and received, there being a total failure of consideration as to one-half of the rental and bonus paid him, and it being inequitable for him to retain the money under such facts and circumstances. We quote as conclusive of the proposition the following from the case of Lamb v. James, 87 Tex. 490, 29 S. W. 647, 649:

"The public lands are not a lawful subject of a private contract, and an attempted conveyance thereof by one private person to another passes no interest whatever in the land, and does not create the relation of vendor and vendee, and therefore can not be held to furnish a consideration for the payment, the promise of payment, or the recovering of the supposed consideration of such conveyance. Wheeler v. Styles, 28 Tex. 240; Rodgers v. Daily, 46 Tex. 582; Palmer v. Chandler, 47 Tex. 333; Houston v. Dickson, 66 Tex. 81, 1 S. W. 375.

"We are of opinion that the rules of law above referred to, by which the rights of vendor and vendee are adjusted, in suits to recover purchase money for failure of title in case of conveyances of private lands, have no application to cases where the attempted conveyance was of public domain.

"In the latter class of cases the purchase money can be recovered by the vendee from the vendor, though the deed contain no warranty, for the reason that the land was not the subject-matter of private contract or conveyance; and, there being an utter failure of consideration, it would be inequitable for the vendor to retain the purchase money; or if there be a warranty, the suit might be maintained thereon for the full consideration, as in case of total failure of title conveyed and eviction by superior title. See cases above cited; also Garber v. Armentrout, 32 Grat. [73 Va.] 235; Johnson v. Krassin, 25 Minn. 117; Walsh v. Rogers, 15 Neb. 309, 18 N. W. 135; Laws on Rights, Rem. & Pr. § 3691."

See, also, Williams v. Finley, 99 Tex. 468, 90 S. W. 1087.

And the following authorities also hold that the mistake of the parties to a conveyance as to the private right and title of grantor to the land is one of fact and not of law, authorizing relief: Moreland v. Atchison, 19 Tex. 303, 310; Ramey v. Allison, 64 Tex. 697; Columbian Natl. Fire Ins. Co. v. Dixie Co-operative Mail Order House (Tex. Com. App.) 276 S. W. 219; Smith v. Jones (Tex. Civ. App.) 192 S. W. 795; Ferguson v. Mounts (Tex. Civ. App.) 281 S. W. 616; North Tex. O. & R. Co. v. Standard Tank Co. (Tex. Civ. App.) 249 S. W. 253.

The undisputed evidence in this case shows that both the lessee gas company and Tippett were mistaken as to the private right and title of Tippett to fifteen-sixteenths of the oil and gas estate in the land in suit, which under the rule announced above constituted a mistake of fact and not of law, authorizing the recovery awarded the gas company over against Tippett.

Nor do we sustain appellant Empire Gas & Fuel Company's contention that it was entitled, in the event it had to pay off any amount due the state, to a lien upon Tippett's interest in the oil and gas estate by reason of being subrogated to the rights of the state to such a lien under terms of the act and the general rule of law giving to a vendor a lien

on the land to secure all of the consideration remaining unpaid. In the first place, Tippett had no interest in the oil and gas estate on which to foreclose such a lien. With respect to the interest of the owner of the soil to the oil and gas estate in virtue of the Relinquishment Act, the Supreme Court held in the Greene-Robison Case, supra, as follows: "The landowner acquires no estate. in the oil and gas. He simply has a right to receive the compensation from the lessee out of the lessee's production as the statute provides."

In the second place, and as concerns the general rule giving to a vendor a lien on the land to secure all of the unpaid consideration, no such relation was created by the execution of the lease contract in suit as between either Tippett and lessee gas company, or as between Tippett and the state under the rule announced in the case of Lamb v. James, supra, to the effect that public lands were not lawful subject-matter of private contract so as to create the "relation of vendor and vendee."

In this connection we do not undertake to pass upon the right of the appellant Empire Gas & Fuel Company to retain and reimburse itself for any amount it might be compelled to pay the state out of the proceeds of any oil and gas produced under the lease and to which. appellant Tippett is entitled in virtue of the Relinquishment Act. The evidence shows however that no oil or gas has ever been produced from the lease.

The remaining questions raised by appellants have been examined and are overruled without comment and the judgment of the trial court will be affirmed.

Affirmed.