**ADKINS et al. v. ESSLER.**

**No. 7581.**

Court of Civil Appeals of Texas. Austin.

April 29, 1931.

Rehearing Denied May 13, 1931.

Upton & Upton, of San Angelo, for appellants.

Baker & Parish, of Ballinger, for appellee.

BLAIR, J.

This is an appeal from an order overruling the pleas of privilege in statutory form of appellant W. E. Newton, individually and as trustee of Banner Oil Company, to be sued in Irion county, his domicile and the domicile of Banner Oil Company; and of appellants Mart Findlater and H. A. Bullock, to be sued in Tom Green county, their domicile. Appellee instituted the suit against Grant Adkins, G. C. Cates, F. E. Webb, Mart Findlater, H. A. Bullock, W. E. Newton, and the Banner Oil Company, a partnership composed of W. E. Newton, Mart Findlater, H. A. Bullock, and F. E. Webb, and W. E. Newton, as trustee of the said Banner Oil Company, for damages resulting to appellee from a collision of his automobile with a truck on highway No. 30 in Runnels county; appellee alleging that Adkins and Cates were at the time of the collision driving and operating the truck in the

employ and as agents of defendants and Banner Oil Company; that the truck was hauling a large tank 17 or 18 feet in diameter, at night, which tank overhung the truck about 4 feet and passed the center of the road; that no lights or other signal visible in the nighttime were on the tank; and that the tank was not visible to appellee at the time of the collision, which occurred while appellee was on his right-hand side of the road.

Appellee controverted the pleas of privilege and upon a hearing sustained venue in Runnels county, under subdivision 9 of article 1995, providing that "a suit based upon a * * * trespass may be brought in the county where such * * * trespass was committed"; and under subdivision 29a of article 1995, providing that, "whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the. provisions of article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." ·

While all defendants filed pleas of privilege, only appellants W. E. Newton, individually and as trustee of Banner Oil Company, and Mart Findlater and H. A. Bullock have appealed. They contend that the evidence failed to show Banner Oil Company or appellants and Webb to be a copartnership composed of Newton, Webb, Findlater, and Bullock. The evidence showed that these four and others owned jointly an oil and gas lease on lands situated in Irion county, the title to a one-half undivided interest being held by Newton, as trustee of Banner Oil Company. A contract between Webb on the one hand and Newton, Findlater, Bullock, and others on the other hand was introduced in evidence and showed the respective interests of the parties in the lease, and provided that Webb was to develop the lease for oil and gas, and that each party was to pay his pro rata according to his stipulated interest, of all expenses of development, and to share pro rata in all profits of production. Appellant Newton testified: "I have a connection with the Banner Oil Company. I hold an interest in said Company. The Banner Oil Company is a co-partnership."

The answers of Newton, individually and as trustee of Banner Oil Company, and of Findlater and Bullock to the controverting affidavit admitted that Newton held title to one-half of the lease in question as trustee for Webb, Newton, Findlater, Bullock, and others named, alleging their respective interests; and "* * * that said lands were held and owned by the said W. E. Newton as a matter of convenience so that he could sell and convey same as trustee without the necessity of all of the joint owners joining in said conveyance; and that said holding was named and called the Banner Oil Company."

The development contract by Webb on the one hand and appellants Newton, Findlater, Bullock, and others on the other hand was signed by Newton individually, but not as trustee, and was signed by eleven of the eighteen parties for whom Newton alleged he held the lease as trustee, including all the appellants here. Newton further testified, with respect to the development contract, as follows: "We were all to be interested in that endeavor in a lease. We were to share profits or share losses proportionate to the interest we had."

■■ The preceding facts certainly raised the issue of whether Banner Oil Company was a party to the development contract, since Newton, its trustee, signed the contract and testified that, "We were all interested in that endeavor"; and established as a matter of law that the parties to the development contract constituted a mining copartnership composed of Webb, appellants Newton, Findlater, Bullock, and the other parties who signed the contract, for the purpose of developing the lease in question, and the partners became jointly and severally liable upon obligations incident to the enterprise. Wagner Supply Co. v. Bateman, 118 Tex. 498, 18 S.W.(2d) 1052; Randall v. Meredith (Tex. Sup.) 11 S. W. 170; West Side Oil Co. v. McDorman (Tex. Civ. App.) 244 S. W. 167; Indiahoma Refining Co. v. Wood (Tex. Civ. App.) 255 S. W. 212; Summers' Oil & Gas, pp. 698, 708 and 710.

■ Appellants contend that the evidence failed to show that Adkins and Cates were operating the truck at the time of the collision for or as agents or employees of appellants and Webb, or of the Banner Oil Company. The contention is correct as to Cates, but not so as to Adkins. The development contract between Webb and appellants authorized Webb to represent all the owners of the lease in the entire operations; and provided that the parties should "pay their pro-rata * * * of the expenses * * * of tanking and other necessary expenses of producing and saving any oil or gas found." Webb employed Adkins to haul the storage tank on his truck from Winters, Runnels county, to the lease in Irion county. Appellant Newton testified, in substance, that he knew they were going to get tanks on the lease; that storage tanks were necessary; and that he supposed Webb was looking after that "feature of the business." These facts show Adkins to be the agent or employee of Webb and his associates or partners in hauling the tank from Runnels county to the lease in Irion county. They clearly support the conclusion that Webb was the authorized representative of the partnership, in charge of the entire development operations, with authority to employ Adkins to haul the tank to

be used in the development project; and that, under the holding of the Supreme Court in Wagner Supply Co. v. Bateman, supra, his actions were the actions of the partnership, and for which each of the mining partners became jointly and severally liable. The case cited holds that, where several parties own interests in an oil and gas lease and are jointly engaged in the development and operation of same, a mining partnership arises by operation of law whereby the partners become jointly and severally liable upon obligations incident to the enterprise.

■ Appellants contend that under the evidence adduced the collision between the truck and automobile did not constitute a trespass by Adkins against appellee within the meaning of subdivision 9 of article 1995, so as to fix venue in Runnels county where the accident occurred. The contention is not sustained. The evidence showed the truck to be 7 feet wide, the tank to be more than 15 feet in diameter and to extend some 4 feet over each side of the truck. The hard surface of the road at the point of collision was about 16 feet wide. Adkins was driving the truck in the nighttime and was traveling south, and at the time of the collision the overhanging tank extended beyond the center of the road, with no light or visible signal on the tank. Appellee was driving his automobile north near the right-hand edge of the hard surface of the road. His car passed the front of the truck, but collided with the overhanging tank which he did not see, and from the collision appellee received severe injuries. The negligent operation of the truck by Adkins with the unlighted overhanging tank in the nighttime, so the tank collided in passing with appellee's car on the extreme right edge of the road, constituting an active trespass against appellee, fixing venue for the suit to recover the resulting damages in the county where the accident occurred. De Mars v. Montez (Tex. Civ. App.) 277 S. W. 402; Eidermann v. Hansen (Tex. Civ. App.) 285 S. W. 847; Frnka v. Beaumert (Tex. Civ. App.) 290 S. W. 808; Vaught v. Jones (Tex. Civ. App.) 8 S.W.(2d) 800; Scott v. Carlos (Tex. Civ. App.) 13 S.W.(2d) 957.

■ But appellants contend that, conceding the operation of the truck as detailed constituted a trespass by Adkins against appellee, still no joint liability as to any other defendant or defendants with Adkins was shown, and that neither defendant was a necessary party to the cause of action asserted against Adkins within the meaning of subdivision 29a of article 1995. As hereinabove held, appellants were jointly and severally liable with Adkins for his trespass, he being their employee or agent in carrying out their enterprise at the time he committed the trespass against appellee. It therefore follows that all appellants are suable with Adkins where the trespass occurred under subdivision 29a, supra, which provides that, where a suit is properly brought in a county against one defendant, suit may be maintained "there against any and all necessary parties." Empire Gas & Fuel Co. v. State (Tex. Civ. App.) 21 S.W.(2d) 376, 379. The identical question here raised with respect to the meaning of the term "necessary parties" was passed upon by this court in the case of Sproles v. Schepps, 26 S.W.(2d) 922, and where the term "necessary parties," as used in subdivision 29a, supra, was construed to authorize the joining of all parties "jointly and severally liable for a single cause of action" in any county where one of such parties was properly sued on the cause of action.

We find no error in the trial court's judgment, and it is affirmed.

Affirmed.